## H. C. FORD v. W. C. BALLARD ET AL.

### No. 37.

1. **Trespass to Try Title—Deed Subsequent to Date of Ouster.—** On the authority of Jenkins v. Adams, 71 Texas, 1, it is held not a tenable ground of objection to a deed offered in evidence by the plaintiff, and executed prior to the filing of the suit, that it bears date subsequent to the date of ouster as alleged in his petition, and purports to be a deed of confirmation, without the production of the deed it confirms.

2. **Married Woman's Deed—Joinder of Husband.—**A deed for land the separate property of a married woman, executed by her without the joinder of her husband, no fraud or concealment having been practiced by her in the sale, is a nullity.

3. **Outstanding Title—Cotenant's Recovery Against Trespasser.** Where an outstanding title does not cover the entire tract, but leaves an undivided interest in plaintiff, he is entitled to recover the entire tract as against a trespasser showing no title.

ERROR from Haskell.   Tried below before Hon. J. V. COCKRELL.

*B. D. Tarlton*, for plaintiff in error.— 1.  The plaintiffs having alleged that they were owners in fee simple of the land sued for, on the 11th of February, 1887, the production of a deed to two of the plaintiffs, Foster and Ballard, dated April 30, 1887, does not support the allegation, and such deed is inadmissible, and should on objection have been excluded. Nor will the mere recital in the deed of April 30, 1887, that it was executed in lieu of another dated February 11, 1887, prove the execution or show the contents of such deed of February 11, 1887, so as to support the allegation referred to.   Mims v. Mitchell, 1 Texas, 443; Denison v. League, 16 Texas, 400;  Cotton v. Campbell, 3 Texas, 493.

2.  While the deed to W. E. Rogers was not valid as a conveyance, on account of the absence of the husband's signature, yet it having been

shown that the same was executed by Mrs. Alice Tankersley, and that she and her husband received the purchase money, or the benefit thereof, the said instrument having been intended as a conveyance of the land, should have been admitted with other facts in this case as evidence of a contract upon which a conveyance would be enforced; especially should this be the case in the absence of an offer by Tankersley and wife to return the money which had been paid them for the land. And such deed or instrument should, with the said other facts, have been admitted as evidence of an estoppel against Tankersley and his wife. Womack v. Womack, 8 Texas, 397; Dalton v. Rust, 22 Texas, 133; Clayton v. Frazier, 33 Texas, 91; Johnson v. Taylor, 60 Texas, 365; Rev. Stats., art. 561; Shivers v. Simmons, 54 Miss., 520.

3. Outstanding title was shown sufficiently to have prevented the recovery as had by plaintiffs. Hooper v. Hall, 35 Texas, 84; Adams v. House, 61 Texas, 639.

*F. P. Morgan*, also for plaintiff in error.—Tankersley and wife were equitably estopped from claiming the land, especially in the absence of an offer to return the purchase money paid them. 33 Texas, 100; 60 Texas, 365, 370; 55 Texas, 281; 17 Texas, 355, 418; 36 Texas, 288; 42 Texas, 196; 29 Texas, 70; 38 Texas, 606; 44 Texas, 269; 66 Texas, 613; 18 Texas, 150; 12 Texas, 440.

*A. C. Foster* and *R. C. Walker*, for defendants in error.—1. Plaintiff's deed, executed prior to filing the suit, was properly admitted in evidence. It is not necessary to allege or prove ouster or possession of either plaintiff or defendant unless some claim is based thereon. Land and Cattle Co. v. State, 68 Texas, 536; Jenkins v. Adams, 71 Texas, 1.

2. A conveyance of her separate property by a married woman, not executed in strict compliance with the statute, is an absolute nullity, and is not admissible in evidence for any purpose. Pasch. Dig., art. 1003; Berry v. Donley, 26 Texas, 737; Eckhardt v. Schlecht, 29 Texas, 129; Fitzgerald v. Turner, 43 Texas, 79; Looney v. Adamson, 48 Texas, 619; Cannon v. Boutwell, 53 Texas, 626; Reagan v. Holliman, 34 Texas, 404; Ruleman v. Pritchett, 56 Texas, 483; Davis v. Agnew, 67 Texas, 210; Langton v. Marshall, 59 Texas, 298; Huff v. Webb, 64 Texas, 285.

3. To estop a married woman from asserting her rights to land conveyed by her in a manner not authorized by law, it is essential that she herself should have been guilty of some positive act of fraud, or of some act of concealment or suppression which in law would be equivalent thereto. Johnson v. Bryan, 62 Texas, 623; Jones v. Robbins, 74 Texas, 616; Williams v. Ellingsworth, 75 Texas, 483; Langton v. Marshall, 59 Texas, 296; Ruleman v. Pritchett, 56 Texas, 483.

STEPHENS, Associate Justice.—This is an action of trespass to try title, and for partition, instituted in the District Court of Haskell County by W. C. Ballard, A. C. Foster, Alice Tankersley and her husband Dock Tankersley, against H. C. Ford, T. W. Mays, J. E. Norton, and W. H. Campbell.

There was a trial without a jury, which resulted in a judgment in favor of Ballard and Foster for an undivided interest of 483⅔ acres of the land sued for, and in favor of Alice Tankersley and Dock Tankersley for an undivided interest of 400 acres, and in favor of the defendants severally for the other portions of the land, except Campbell and Ford, who were adjudged to take nothing and to pay the costs of the suit. This judgment was agreed to by all the defendants except Ford, who prosecutes this writ of error.

The court below filed no conclusions of law and fact, but there is a statement of facts in the record which shows that there is no controversy about the facts upon which the questions of law arise.

The first assignment of error complains of the action of the court in overruling the application of plaintiff in error for a continuance. The application was made and sworn to by the attorney, and sought to continue the cause to procure the testimony of his client, plaintiff in error. Our conclusion is, that the application failed to show proper diligence, and that the testimony sought to be obtained was not material, and that therefore the same was properly overruled.

The second assignment complains of the admission in evidence of the deed from Mrs. N. L. Abbey to plaintiffs Ballard and Foster, which conveyed to them the entire tract of land in controversy, to-wit, the John Connor survey of 1744 acres, dated April 30, 1889; the ground of objection being that this deed bore date subsequent to the date of the ouster, as alleged in the petition, and because it purported to be in lieu of a former deed, without the production of the deed in confirmation of which it purported to be made. The question here raised is decided adversely to plaintiff in error in Jenkins v. Adams, 71 Texas, 1.

The third, fourth, fifth, sixth, and seventh assignments complain of the exclusion from the evidence, (1) of a deed from Mrs. Alice Tankersley to W. E. Rogers, dated May 24, 1873; (2) of a deed from W. E. Rogers to plaintiff in error, dated February 25, 1875, conveying 400 acres undivided interest in the land in controversy. These deeds were excluded on the ground that the husband of Alice Tankersley did not join her in the deed, it being alleged and proved by plaintiff in error that the land was her separate property at the date of said deed. The record shows that both Rogers and Ford knew that said Alice Tankersley was a married woman; that Rogers made the trade with her husband with the knowledge and consent of his wife, and paid the principal part, if not all, the purchase money to the husband, except that portion which, in the subsequent sale from Rogers to Ford, the latter agreed to pay and did pay

to Dock Tankersley, the husband of Alice; and that this sale was acquiesced in by said Tankersleys for about fourteen years. The record contains no evidence of any concealment, misrepresentation, or other improper conduct on the part either of the husband or the wife, except as the bringing of this suit might be so construed. It must, therefore, be held that these deeds were properly excluded, the wife's deed to her separate property without the joinder of her husband being a nullity. Cannon v. Boutwell, 53 Texas, 626; Peak v. Brinson, 71 Texas, 310; Etheridge v. Price, 73 Texas, 597; Johnson v. Bryan, 62 Texas, 623; Williams v. Ellingsworth, 75 Texas, 483.

The remaining assignments complain of the judgment rendered. In so far as complaint is made of the decree of partition, the objections can not avail plaintiff in error; because, having been denied a recovery of any interest in the land (if the judgment to that extent be valid), he would no longer have any interest in the partition proceedings.

It is insisted that inasmuch as Mrs. N. L. Abbey conveyed, in the year 1871, to J. D. Abbey 1280 and to Jack Davis 320 acres of the land in controversy, an outstanding title would defeat any recovery by appellees. As these two undivided interests amounted to 1600 acres, the entire tract containing 1744 acres, it follows that the subsequent deed from Mrs. Abbey to Foster and Ballard conveyed at least an undivided interest of 144 acres. This would be sufficient to enable them to recover the entire tract as against plaintiff in error. A deed made by said J. D. Abbey in the year 1873, to Alice Tankersley, conveying an undivided interest of 400 acres, was sufficient to enable Tankersley and wife to maintain this suit in connection with their cotenants, Foster and Ballard, against plaintiff in error, who was in the attitude of a trespasser.

It follows that the judgment must be affirmed.

*Affirmed.*

Delivered November 22, 1892.

Chief Justice TARLTON disqualified and not sitting.