## FIRST STATE BANK OF TOMBALL v. TINKHAM et ux. (No. 231.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1917. Rehearing Denied June 13, 1917.)

1. HUSBAND AND WIFE ⬦⬦156—WIFE'S CONTRACTS—JOINT NOTE WITH HUSBAND—STATUTE.

A wife by merely executing jointly with her husband a note does not bind herself personally or her separate property notwithstanding the Married Woman's Act of 1913 (Acts 33d Leg. c. 32), amending Rev. St. 1911, art. 4624 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4624), providing that community property other than wife's earnings and income from separate property shall be subject to 'her debts, and that she shall never be the joint maker of the note of another without joinder of her husband in the contract, and giving wife sole management and control of her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 608–622.]

2. HUSBAND AND WIFE ⬦⬦198 — DEED OF TRUST BY WIFE—VALIDITY—ESTOPPEL.

Although husband procured the money under express agreement that wife would join him in the trust deed, which she alone signed, the deed was invalid, and neither husband nor wife, in a foreclosure suit, were estopped from denying its validity; there being nothing to show fraud on wife's part.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 733, 944.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the First State Bank of Tomball against George F. Tinkham and wife. From a judgment giving plaintiff partial relief, it brings error. Judgment affirmed.

Thos. H. Ball, of Houston, for plaintiff in error. Fisher, Campbell & Amerman, of Houston, for defendants in error.

HIGHTOWER, C. J. This suit was filed by plaintiff in error, First State Bank of Tomball, Tex., against George F. Tinkham and his wife, Laura Tinkham, defendants in error, on July 6, 1915, in the district court of Harris county. Plaintiff prayed judgment against both of said defendants upon a promissory note jointly executed by them on the 10th day of November, 1913, payable to plaintiff one year after date, with 10 per cent. interest from maturity until paid, and 10 per cent. additional on the principal and interest as attorney's fees, as provided in said note. Plaintiff further prayed for foreclosure of a mortgage on lot 3, block 17, of the A. C. Allen addition to the city of Houston, and certain 5-acre tracts of land in the town of Tomball, aggregating 55 acres of land. It was alleged that said mortgage or deed of trust was duly signed and acknowledged by the defendant Laura Tinkham, and that the defendant George F. Tinkham, her husband, in order to secure the money represented by the note, had agreed to sign said mortgage or deed of trust, but declined to do so, after the money representing the proceeds of said note had been received by Tinkham and wife.

At the time of the filing of this suit, plaintiff also sued out an attachment, and had same levied upon the property above described. Defendants filed their answer and cross-action on July 20, 1915, admitting the execution of the note, as alleged, but denying that the note was executed for the benefit of the separate estate of Laura Tinkham, and alleged that the deed of trust was void, because not signed by her husband, George F. Tinkham, and claimed the 5-acre tracts in the town of Tomball as their homestead, and the lot in the Allen addition in the city of Houston as the separate property of Laura Tinkham, and prayed that the deed of trust be declared void, as a cloud upon the homestead of defendants and said separate property of defendant Laura Tinkham. Plaintiff replied by supplemental petition, denying the averments in said answer and cross-action of defendants, and set up that the money was procured upon the faith solely of the security offered; that because of the representations made at the time the money was procured, and the agreement by George F. Tinkham to execute the deed of trust, that both defendants were estopped from denying its binding force and effect; to which supplemental petition defendants filed a supplemental answer, generally and specially denying the allegations therein.

When the cause came on for trial, a jury was waived, and the case tried to the court, and after hearing the evidence of all parties, the court rendered judgment for plaintiff in error against defendant in error George F. Tinkham for the amount of the note sued upon, interest and attorneys' fees, amounting in the aggregate to $3,093.75. Recovery was denied upon said note as against defendant Laura Tinkham, because at the time of its execution she was a married woman, and the note was not executed for any purpose sufficient to make her or her separate estate liable for the payment thereof. The trial court further held the deed of trust sought to be foreclosed null and void, because same was executed by Mrs. Laura Tinkham, a married woman, and was not executed by her husband, George F. Tinkham. The court also held that lot 3 in block 17 of the Allen addition to the city of Houston was the separate property of the defendant Mrs. Laura Tinkham at the time of the making of the note, and prior and subsequent thereto, and that the 5-acre tracts of land, aggregating 55 acres in the town of Tomball, was the homestead of defendants, and not subject to incumbrance or forced sale. The court also held, of course, that the attachment lien claimed by plaintiff was, in fact, no lien, and was inoperative. The case is now properly before this court on writ of error.

⬦⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The first assignment of error is:

"The court erred in rendering judgment solely against the defendant George F. Tinkham in favor of the plaintiff for the sum of $3,093.-75, and in not rendering same against both defendants, George F. Tinkham and Laura Tinkham, jointly and severally, as the undisputed facts show that the note sued upon was executed jointly by George F. Tinkham and Laura Tinkham, as original makers, on November 10, 1913, payable to the order of plaintiff, one year after date, and that said note, principal, interest and attorney's fees aggregated the said sum."

The proposition under this assignment is:

"The note sued on was executed by George F. Tinkham and his wife, Mrs. Laura Tinkham, on November 10, 1913, after the statutes of Texas had authorized the joint making of a note by husband and wife so as to bind the wife upon such an undertaking and support a judgment thereon against both husband and wife."

It is admitted that George T. Tinkham and wife, Laura Tinkham, jointly executed the note sued on as of date November 10, 1913, after the act commonly called the Married Woman's Act went into effect. It is admitted that Laura Tinkham, at the date of the deed of trust, was the wife of George F. Tinkham, and that she properly signed and acknowledged the deed of trust, but that her husband never did join her therein. It is admitted that Laura Tinkham made no representations at any time to the bank, either about the making of the note, or about the making of the deed of trust, but signed both at the request of her husband. It is admitted that lot 3 in block 17, described in the deed of trust, was at all times the separate property of Mrs. Laura Tinkham, and that the 5-acre tracts also described in the deed of trust were at all times the homestead, as claimed. It is admitted that no portion of the money represented by the note in question was used by George F. Tinkham for the use or benefit of Mrs. Laura Tinkham, or her separate property, and no representations of any kind were made to that effect, but it was distinctly understood by the bank and George F. Tinkham that the money was being borrowed for the purpose of erecting an ice plant in Tomball, and the money so used was drawn out by checks on plaintiff's bank for that purpose, with the full knowledge of the bank.

Defendants in error make this counter proposition to the proposition of plaintiff in error, under its first assignment:

"Even under the act of 1913, a married woman cannot execute a note with her husband for the purpose of procuring funds for him to use in business, and thereby bind her separate property."

The contention here made by plaintiff in error and denied by defendants in error was decided directly by the Court of Civil Appeals at Texarkana, in an opinion filed on January 18, 1917, and now reported in 192 S. W. at page 1088, in the case of Red River National Bank v. Ferguson et al., 192 S. W. 1088. The question is considered at some length by Judge Levy, speaking for the court, and the conclusion is reached that a married woman does not bind herself personally, or her separate property, by merely executing jointly with her husband a promissory note, as was done in this case, but that such an obligation is that of the husband alone, and no personal judgment can be rendered against the wife, notwithstanding the act of 1913, commonly known as the Married Woman's Act. The particular article of the act in question relied upon by plaintiff in error herein is article 4624, Vernon's Sayles' Texas Civil Statutes. That article reads as follows:

"Neither the separate property of the husband, nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessities furnished her or her children: Provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

The precise question here raised having been directly decided by the Court of Civil Appeals at Texarkana adversely to the contention of plaintiff in error, and the reason given by that court for its decision appearing to us to be sound, we approve the same, and agree with that court that the mere act of a married woman in signing a promissory note jointly with her husband will not have the effect, notwithstanding the act of the Thirty-Third Legislature amending article 4624, to bind such married woman or render her liable to a personal judgment, or have the effect to bind her separate property in any way. No useful purpose could be served by reiterating or repeating the reasons for this conclusion, as advanced by Judge Levy, speaking for the Texarkana court, and we merely refer to the decision in the case above mentioned, and overrule plaintiff in error's first assignment of error.

[2] The second assignment of error is, in effect, that the trial court erred in holding the deed of trust sought to be foreclosed by plaintiff in error null and void, and of no force and effect, and in not holding that same was in full force and effect as to lot 3 in block 17 of the Allen addition to the city of Houston, and contend that defendants in error were estopped from denying the validity of said deed of trust as to said lot.

The proposition under the assignment is, in substance, that George F. Tinkham having procured the money represented by the note sued upon, with the express statement and agreement that his wife would join him in the mortgage, and she having in fact, executed the mortgage, equity requires the enforcement of her husband's verbal agreement to sign same, and enforce the lien against the property covered by the mortgage.

As we have hereinbefore stated, it is admitted by both parties to this cause that there never were any negotiations between the bank and Mrs. Tinkham regarding either

the note itself or the mortgage or deed of trust. She made no statement to the bank at any time with reference to either matter, and therefore it could not be and is not contended that she made any false representations or statements of any character that induced the bank to let her husband have the money represented by this note. Consequently, it certainly cannot be successfully contended that Mrs. Tinkham did anything that amounted to the perpetration of a fraud upon plaintiff in error. The statute of this state plainly says that in order to give validity to a married woman's act in attempting to convey or incumber her separate real property, she must be joined in the conveyance or instrument incumbering such property by her husband, and, if not, such conveyance or instrument attempting to so incumber her separate property is of no effect or validity. We do not gather from the contention made by plaintiff in error that Mrs. Tinkham herself did or said anything that would operate as an estoppel against her in now claiming her separate property should not be subjected to plaintiff in error's claim under its deed of trust, but the contention of plaintiff in error is that the representations or statements made by her husband, George F. Tinkham, to the effect that Mrs. Tinkham would execute the deed of trust, and the fact that the money was loaned to him upon the faith of such representations and statements, estops not only George Tinkham himself, but also his wife, from claiming the invalidity of the deed of trust in question, on the ground that he, the husband, did not join his wife in the execution of this deed of trust, as is required by the law of this state, to give it validity. We concede that we are unable to follow the reasoning of plaintiff in error as to this contention. If the instrument, whether we call it deed of trust or mortgage, of itself has no validity because not executed in the manner as required by the law of this state, and if the wife did nothing to estop her, which seems to be admitted in this case, then we cannot see how the instrument can be enforced, either as being a valid one, or how Mrs. Tinkham can be estopped from denying its validity when she has said or done nothing to so estop her. That the instrument itself was a nullity, see Ford v. Ballard, 1 Tex. Civ. App. 376, 21 S. W. 146, and cases there cited; also Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552; Fitzgerald v. Turner, 43 Tex. 82; Berry v. Donley, 26 Tex. 737; Johnson v. Bryan, 62 Tex. 623.

The third assignment is, in substance, that the court erred in refusing to foreclose plaintiff's attachment lien upon lot 3 in block 17 of the Allen addition to the city of Houston to satisfy plaintiff's demand upon the note sued on. In answer to this, it will suffice to say that if we are correct in our conclusion that the deed of trust executed by Mrs. Tinkham had no validity, and if she was not estopped to deny its validity, and if we are also correct in the conclusion that there could be no personal judgment rendered against Mrs. Tinkham in favor of plaintiff in error as to the note sued on, then certainly there was no error in the trial court's refusing to foreclose the claimed attachment lien thereon. Therefore this assignment of error is also overruled.

This disposes of all the assignments of error, and since we have concluded that no error on the part of the trial court has been pointed out, its judgment is in all things affirmed.