WILLIAM LEADER *vs.* TELESPHORE PLANTE.

Androscoggin.    Opinion July 3, 1901.

*Bills and Notes.    Time of Payment.*

A writing of the following tenor, viz:

"Auburn, Maine, August 30th, 1892.
Within one year after date I promise to pay to the order of Richard F. Leader four hundred and six dollars at with interest.    Value received.
                                        Telesphore Plante."

Is a negotiable promissory note, payable in one year after its date, with an option in the maker to pay before maturity.

On report.    Judgment for plaintiff.

Action on promissory note.    The case is stated in the opinion.

*H. W. Oakes, J. A. Pulsifer, F. E. Ludden; E. Foster* with them, for plaintiff.

*J. A. Morrill,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J.   This is an action of assumpsit by the indorsee against the maker of a written instrument, declared upon as a promissory note of the following tenor, namely:

"$406.                    Auburn, Maine, August 30th, 1892.

Within one year after date I promise to pay to the order of Richard F. Leader Four Hundred and six Dollars at with interest. Value received.

Telesphore Plante.

Witness:  P. H. Kelleher.

Indorsed:  Richard F. Leader."

The writing was indorsed and delivered by the payee to the plaintiff January 2, 1893.

It is claimed in defense, that the instrument is not a valid negotiable promissory note, for the reason that the time of payment named therein is not stated with sufficient certainty.   In other words, it is contended that, "within twelve months" is too uncertain and indefinite as to time of payment to give the instrument the character of a negotiable promissory note.   It is familiar law, that to constitute a negotiable promissory note, the time of payment must be stated with certainty.   It is also a familiar maxim that that is certain which can be made certain.

"A valid promissory note is not necessarily negotiable.   To make it such by the law merchant it must run to order or bearer, be payable in money for a certain definite sum, on demand, at sight, or in a certain time, or upon the happening of an event which must occur, and payable absolutely and not upon a contingency."  *Roads* v. *Webb,* 91 Maine, 410.

It is well settled that a note payable at the death of the maker is a valid negotiable promissory note, as death will inevitably occur,

and the time of payment can thus be made certain. *Martin* v. *Stone,* 67 N. H. 367.

"Within" a certain period, "on or before" a day named and "at or before" a certain day, are equivalent terms and the rules of construction apply to each alike. As stated by Mr. Justice STROUT in *Roads* v. *Webb,* supra, the question whether a note made payable "on or before" a day certain states the time of payment with sufficient certainty to constitute a negotiable note, has not been decided in this state.

In *Cota* v. *Buck,* 7 Met. 588, a note "to be paid in the course of the season now coming" was held to be negotiable for the reason that the "season now coming" must come by mere lapse of time.

But in *Hubbard* v. *Moseley,* 11 Gray, 170, the court of Massachusetts held that a promissory note payable ninety days after date, containing a stipulation that the note shall be given up to the maker as soon as the amount of it is received by the payee, is not negotiable, thus practically overruling the case of *Cota* v. *Buck.*

The late Massachusetts decisions upon this point follow the doctrine of *Hubbard* v. *Mosely ; Way* v. *Smith,* 111 Mass. 523 ; *Stults* v. *Silva,* 119 Mass. 137.

Mr. Justice Cooley in *Mattison* v. *Marks,* 9 Mich. 423, referring to *Hubbard* v. *Mosely,* remarks : "It is to be regretted, perhaps, that the learned judge who delivered the opinion did not deem it important to present more fully the reasons that led him to his conclusions, instead of contenting himself with a simple reference to the general doctrine that a promissory note must be payable at a time certain."

In *Jellison* v. *Hill,* 4 Gray, 316, it was held that a note payable "on demand with interest within six months" was a promise to pay within six months in any event, and sooner if demanded.

We think that the great weight of authority and of reason is opposed to the present Massachusetts doctrine.

*Mattison* v. *Marks,* supra, was a suit upon a written instrument containing a promise to pay a sum certain "on or before" a day named. It was contended in defense that it was not a promise to pay on a day certain, and consequently was not a negotiable prom-

issory note. The court held that the instrument was a negotiable promissory note. Mr. Justice Cooley in delivering the opinion of the court says: " The legal rights of the holder are clear and certain; the note is due at a time fixed, and it is not due before. True, the maker may pay sooner if he shall choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and no more. Notes like this are common in commercial transactions and we are not aware that their negotiable quality is ever questioned in business dealings."

It is held in *Curtis* v. *Horn*, 58 N. H. 50½, that a promissory note, payable " on or before the first day of May next," is negotiable. The court say in the opinion: " It is now the common law that where payment is made to depend upon an event that is certain to come, and uncertain only in regard to the time when it will take place, the note or bill is negotiable." The court say further, " the recent Massachusetts cases, cited by the defendant, place the conclusions arrived at upon common law grounds, yet they fail to state the reasons for overruling *Cota* v. *Buck*, and the law as held in other jurisdictions, and we are unable to see any."

The doctrine thus laid down by the Courts of Michigan and New Hampshire, is fully sustained by numerous authorities, of which we cite, *Bates* v. *Leclare*, 49 Vt. 230; *Ricker* v. *Sprague Mfg. Co.*, 14 R. I. 402; *Ins. Co.* v. *Bill*, 31 Conn. 534-538; *Jordan* v. *Tate*, 19 Ohio St. 586; *Dorsey* v. *Wolff*, 142 Ill. 589; *Chicago Ry. & Eq. Co.* v. *Merchants Bank*, 136 U. S. 268-285; *Ernst* v. *Stectman*, 74 Pa. St. 13.

Our conclusion is that the instrument here in suit is a valid negotiable promissory note.

The defendant further contends, that even if the note is to be regarded as negotiable, the plaintiff ought not to maintain this action thereon because, he says, there are unsettled partnership transactions between the maker and payee in the settlement of which the note should be taken into consideration. We cannot so hold. The note has no connection with partnership business. It was given by the maker in his individual capacity to the payee individually and not as a copartner. At the date of the note the

parties to it were not partners. The note came into the hands of an indorsee for value before maturity. Judgment must be for the plaintiff. According to the stipulation of the parties, the case is remanded to the court at nisi prius for assessment of damages by the court, in accordance with this opinion.

*So ordered.*