SCHAEFER et al. v. FIRST NAT. BANK, BAY CITY. (No. 7403.)

(Court of Civil Appeals of Texas. Galveston. Oct. 31, 1916.)

1. AFFIDAVITS ⬞5—AUTHORITY OF NOTARY—DISQUALIFICATION.

Under Rev. St. 1911, art. 10, providing that all oaths, affidavits, or affirmations necessary or required by law may be administered by any notary public within the state, in a suit for injunction, the affidavit of the president of plaintiff bank in support of the petition was not void because made before a notary public who was cashier of the bank at the time the affidavit was made.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 18–27; Dec. Dig. ⬞5.]

2. JUDGMENT ⬞533 — CONSTRUCTION—TITLE TO GROWING CROPS.

Where a decree, in a proceeding to recover title and possession, decreed the title and possession of a designated part to plaintiff, an unmatured growing crop thereon was a part of the realty and passed by the decree absolutely.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 978, 983; Dec. Dig. ⬞533.]

3. JUDGMENT ⬞713(2)—MATTERS CONCLUDED—EQUITIES NOT RAISED IN FORMER SUIT.

The decree between plaintiff and defendants was an adjudication of the rights of all the parties to the suit and a bar in a subsequent suit to any equities of defendants in growing crops on land adjudicated to plaintiff which were not set up in the prior suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1241; Dec. Dig. ⬞713(2).]

4. APPEAL AND ERROR ⬞1074(2)—REVIEW—HARMLESS ERROR.

Error in granting a writ of possession to plaintiff under a decree by which title and possession of the land was decreed in said bank was harmless, where plaintiff was placed in possession with defendants' consent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4250, 4251; Dec. Dig. ⬞1074(2).]

5. PROPERTY ⬞10 — POSSESSION — GROWING CROPS.

Possession of land by virtue of a decree and writ of possession was possession of the growing crops on the land.

[Ed. Note.—For other cases, see Property, Dec. Dig. ⬞10.]

6. INJUNCTION ⬞35(2)—PROPERTY—POSSESSION TO SUPPORT SUIT.

A decree, in a proceeding to recover title, by which title and possession of land was decreed and ordered in plaintiff bank, gave the bank constructive possession of the land, justifying the granting of an injunction restraining defendants from trespassing on the premises and harvesting growing crops.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 77; Dec. Dig. ⬞35(2).]

Appeal from District Court, Matagorda County; Saml. J. Styles, Judge.

Suit for injunction by the First National Bank, Bay City, Tex., against Joseph C. Schaefer and others. From an order granting an injunction, defendants appeal. Affirmed.

LANE, J. For a clear understanding of this opinion we make the following statement:

On the 17th day of March, 1915, the First National Bank, Bay City, Tex., filed a suit in the district court of Matagorda county against Joseph C. Schaefer and wife, Mary Schaefer, to recover the title and possession to 228.7 acres of land situated in said county. Said suit is hereinafter referred to as cause No. 3931. Judgment was entered in said cause on the 29th day of June, 1916, by which it was ordered, adjudged, and decreed by the court that Joseph C. and Mary Schaefer were the owners of 200 acres out of said 228.7-acre tract, and that they should within ten days after the date of said judgment designate and set apart, as required by articles 3794 and 3795 of the Revised Civil Statutes of Texas of 1911, 200 acres out of said 228.7-acre tract as their homestead so as to include their improvements thereon, and it was further adjudged and decreed by said judgment that the title to the remainder of said tract of 228.7 acres, after said designation and deduction of said 200 acres, should be vested in the First National Bank, Bay City, Tex. Said judgment also contained a recital as follows:

"The title and possession of said plaintiff bank (to said 28.7 acres) against the defendants herein is now ordered and decreed."

No appeal was taken from this judgment and it became final.

On the 6th day of July, 1916, seven days after the rendition of said judgment, Joseph C. and Mary Schaefer made designation of the 200 acres of said land adjudged to them, describing the same by metes and bounds, and left remaining of said 228.7 acres a tract of 28.7 acres not embraced within the boundaries of said 200-acre designation.

The First National Bank was placed in possession of the said 28.7 acres of land not embraced in said 200-acre designation, by virtue of a writ of possession issued in said cause No. 3931, Joseph C. Schaefer and wife, Mary Schaefer, assenting thereto, but at said time they denied the ownership of

the said bank to the rice crop growing thereon, and claimed the same as their own, subject only to the payment of the rental value of said land.

On the 5th day of September, 1916, appellee, the First National Bank, Bay City, Tex., filed its petition in this case, and as against Joseph and Mary Schaefer, husband and wife, and John W. Gaines and John M. Corbett, it alleges, in substance, that it was at the time of filing said petition the owner of the 28.7 acres of land set aside to it in said cause No. 3931, and the crop of rice growing thereon, and was in possession thereof and had been such owner and had such possession since July 6, 1915; that the defendants Joseph and Mary Schaefer were falsely claiming to be tenants of the plaintiff and as such entitled to the possession of the crop of rice growing on said 28.7 acres of land; that defendants Gaines and Corbett were also claiming an interest in said crop, by virtue of a mortgage executed to them by defendants Schaefer; that said growing crop of rice would be ready for harvest within a few days and was of the value of $900; that all of the defendants are threatening to enter upon said 28.7 acres of land and harvest said rice crop and convert the same to their own use and benefit, in violation of plaintiff's rights; and that they were also threatening to keep plaintiff from harvesting the same. Irreparable injury is alleged in the event defendants are not restrained in their purpose to harvest and convert to their use said rice crop. Prayer is made for an injunction to restrain defendants from carrying out their said threats.

Defendants Joseph and Mary Schaefer, two of the appellants herein, answered denying all the allegations of plaintiff's petition except such as are specially admitted, and say: (1) That the injunction prayed for by plaintiff should not be granted because the affidavit in support of the petition was made by the president of plaintiff bank, a corporation, before J. C. Lewis, who was at that time cashier of said bank, and that said affidavit was and is void because not verified as required by law. (2) That while plaintiff is the owner of said 28.7 acres of land, by virtue of the decree entered in said cause No. 3931, and was placed in possession thereof about the 3d day of July, 1916, said plaintiff was not and is not now the owner of the growing crop of rice thereon and was not placed in possession thereof by the sheriff who placed plaintiff in possession of said land, but that defendants are still the owners of said crop and have never been dispossessed thereof. (3) That since said 3d day of July, 1916, they have recognized plaintiff as owner of said land and as their landlord and stood ready to account to it for the rental value of said land. They say, however, that as there was no order for writ of possession contained in said judgment in said cause No. 3931, the writ issued, and under which the officer placed plaintiff in possession of said land, was and is void, and therefore appellee was not and is not now in legal possession of said land and crop growing thereon. (4) That, prior to the rendition of the judgment and partition made in said cause No. 3931, plaintiff and defendants Joseph and Mary Schaefer stood in the relationship of cotenants and joint owners of said 228.7 acres of land, and that long prior to said partition defendants at a considerable expense and labor and in good faith planted a rice crop on said land, a part of which was at the time of said partition growing upon said 28.7-acre tract, and that under the law they were, as cotenants, the owners of said crop and were liable to plaintiff only for the rental value of said 28.7 acres, and that the decree in said cause No. 3931 did not pass the title to said crop to plaintiff bank, and these defendants are still the owners of said crop. (5) That long prior to the entry of the decree in said cause No. 3931 they had mortgaged the crop growing on the entire tract of 228.7 acres to other parties to secure water to make said crop and for other things necessary to make the same, and that said lienholders now have an interest in said crop, including that growing on said 28.7 acres.

Defendants Gaines and Corbett answered adopting the answer of defendants Schaefer, and further asserted a mortgage lien on said crop, which was given by the defendants Schaefer prior to the said partition suit.

The rights of the plaintiff to the injunction prayed for was heard by the trial court in chambers, at Angleton in Brazoria county, practically upon the petition and answers, and on the 12th day of September, 1916, the court entered the following order:

"In the above numbered and entitled cause on this day came on for hearing plaintiff's petition for injunction, and plaintiff appearing by its attorneys, and each and all of the defendants having filed their answers and appearing by their attorneys, first came on to be heard the demurrers and exceptions of defendants and each of them to plaintiff's petition, each of which were overruled by the court, and to which action of the court the defendants and each of them excepted and reserved their bills of exception, and the pleadings and evidence having been submitted to me by plaintiff and defendants, and upon consideration of said pleadings and testimony, I am of the opinion that the prayer of said plaintiff contained in its said petition ought to be granted, and, upon the execution of a bond in the sum of $1,500 by said plaintiff in the manner and form conditioned as required by law to be approved by the clerk of the district court of Matagorda county, the said clerk of the district court of Matagorda county, Tex., is ordered and directed to issue the writ of injunction as prayed for by plaintiff restraining and enjoining the defendants and each of them from in any manner interfering or diminishing the full and complete possession by said plaintiff of said 28.7 acres of land and with the crop of rice growing thereon, and restraining said defendants and each of them from doing any other act or thing having for its object or purpose the cutting, harvesting, or gaining possession of said crop of rice grow-

ing on said 28.7 acres of land, or the conversion thereof by them, and that said defendants and each of them be further restrained and enjoined from in any manner interfering with said plaintiff in the harvesting of said crop of growing rice on said 28.7 acres of land with plaintiff's full possession and ownership thereof."

A writ of injunction was, accordingly, issued by the clerk of the district court of Matagorda county and properly served on appellants. Appellants have appealed from the order granting said injunction.

The legal rights of those alleged to be owners and holders of mortgage liens upon the crop in question is not before this court by virtue of this appeal or otherwise, and will not be discussed or considered. The only question presented for our decision is: Did the trial court err in granting the injunction prayed for? In answering this question, we shall take up and discuss the matters and things alleged and relied upon by appellants as a reason why the trial court should have refused to grant the injunction in the order hereinbefore stated.

[1] 1. Was the affidavit of Thompson, president of plaintiff bank, void or voidable because made before Lewis, a notary public, who was cashier of said bank at the time said affidavit was made?

It is provided by article 10 of the Revised Civil Statutes of this state that:

"All oaths, affidavits or affirmations necessary or required by law may be administered, and a certificate of the fact given * * * by any notary public, within this state."

We know of no law, either statutory or otherwise, which disqualifies one who is a notary public in this state from administering an oath or affidavit to the president of a banking corporation on the grounds that said notary at the time of administering said oath was the cashier of such corporation.

The case of Fair v. Bank, 70 Kan. 612, 79 Pac. 144, 67 L. R. A. 851, is one in which the question as to whether or not an affidavit made by the cashier of the bank, as an officer thereof, before a notary public who was at the time assistant cashier and a stockholder of the same banking corporation, was void. In passing on this question the Supreme Court of Kansas held that such affidavit was sworn to before an officer authorized by law to administer oaths, that it stated the facts required by law to be stated, and was sufficient in all respects for the purpose intended, and, continuing, say:

"In this case the notary public simply administered the oath and certified to that fact. He determined nothing. His act was purely ministerial, and at most only voidable by reason of his interest, and we do not decide that it was voidable even."

In Ruling Case Law, vol. 1, § 5, p. 763, it is said:

"As the administration of an oath is a ministerial act and not judicial, the mere fact that a notary is connected in business with the affiant does not disqualify him from taking the latter's affidavit."

We think the affidavit to appellee's petition for injunction was sufficient.

[2, 3] 2. Was the plaintiff bank the owner of the 28.7 acres of land and entitled to possession thereof, together with the crop thereon, by virtue of the decree in said cause No. 3931?

The decree rendered in said cause No. 3931, by which the said tract of land of 228.7 acres involved in that suit was partitioned between defendants Schaefer and plaintiff bank, decreed the title and possession to the said 28.7 acres of land in question in this suit to said bank, and at the time said decree was entered the crop of rice in question was an unmatured growing crop on said 28.7 acres, and was a part of the realty and passed to said bank by said decree, as such, absolutely. Said decree was an adjudication of all the rights of the parties to that suit in and to the subject-matter thereof, including improvements, growing crops, etc. The defendants Schaefer and wife set up no equities in said 28.7 acres of land, or to any crop or improvements thereon, and they are therefore now barred from setting up such claim in this suit. Sarro v. Bell, 59 Tex. Civ. App. 152, 126 S. W. 24; Ivy v. Ivy, 128 S. W. 682. Any rights that may have been theirs by estoppel, by reason of expenditures of defendants Schaefer with plaintiff's knowledge and acquiescence in watering the crop after said partition, are not presented, and therefore not passed upon on this appeal.

[4-6] 3. Was plaintiff bank wrongfully in possession of the said land and crop thereon at the time of the issuance of the injunction granted by the trial court, and, if so, was the injunction erroneously issued?

We think the decree in said cause No. 3931, by the terms of which the title and possession to said 28.7 acres of land was decreed and ordered to be in said plaintiff bank, was sufficient authority for the issuance of the writ of possession hereinafter mentioned. Ryan v. Raley, 48 Tex. Civ. App. 187, 106 S. W. 750. But, if we are in error in so holding, such error cannot in any manner injure appellants, as it is conceded that appellee was placed in possession of said land with appellants' consent, and we hold that the possession of the land was a possession of the growing crop thereon. Besides, if it be conceded that appellee was not legally placed in possession of said 28.7 acres and the crop thereon, by virtue of said writ of possession, still it was in constructive possession thereof by virtue of the decree rendered in said cause No. 3931, and therefore the trial court was justified in granting an injunction restraining defendants from trespassing upon said premises and harvesting the growing crop thereon, or from interfering with appellee in harvesting the same.

What has already been said disposes of all the matters presented by this appeal, and it is clear therefrom that we have reached the

conclusion that the trial court did not err in granting the injunction prayed for by appellee. Having so concluded, the judgment of the trial court is affirmed.

Affirmed.