**HANSEN et ux. v. BACHER.**　(No. 7743.)*

Court of Civil Appeals of Texas. San Antonio. March 30, 1927.

Rehearing Denied April 13, 1927.

**1. Deeds ⬤ 143—Restrictive clause in derogation of title conveyed must be construed most strongly against grantor.**

Where conveyance of title is absolute, carrying with it primary right of immediate possession, restrictive clause with reference to possession, being in derogation of title, must be construed most strongly against grantor.

**2. Deeds ⬤ 143—Stipulation in deed that grantor should deliver premises not later than 90 days from date reserved to grantor reasonable time within which to surrender possession.**

Where deed, which was absolute conveyance, provided that possession of premises should be delivered to grantee not later than 90 days from date, effect of restriction was to reserve to grantor reasonable time within which to surrender possession, not in any event to exceed 90 days; surrender to depend upon convenience of grantor.

**3. Trespass to try title ⬤ 38(3)—Where surrender of possession of land deeded depended upon convenience or necessity of grantor, burden rested upon grantor to show that he could not reasonably vacate premises when demanded.**

Where effect of restrictive clause in deed was to reserve to grantor reasonable time within 90 days within which to surrender possession, burden of proving that he could not reasonably vacate premises when demanded of him in suit in trespass to try title rested upon grantor.

**4. Trespass to try title ⬤ 41(1)—Grantee introducing deed containing restrictive clause regarding possession made prima facie case, in trespass to try title.**

Where grantee introduced deed containing restrictive clause, reserving to grantor reasonable time within 90 days within which to surrender possession, in evidence in trespass to try title, he made prima facie case, thus shifting burden to grantor to show that to oust him at that juncture would be unreasonable.

Error from District Court, Hidalgo County; J. E. Leslie, Judge.

Action in trespass to try title by Charles Bacher against H. P. Hansen and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

Elmer Graham, of Houston, for plaintiffs in error.

Oliver C. Aldrich, of San Juan, for defendant in error.

SMITH, J. Charles Bacher brought this action in trespass to try title against H. P. Hansen and wife to recover title and possession of a tract of land in Hidalgo county. It appears from the record that Bacher purchased the land from the Hansens on July 5, 1926, and on that day paid the consideration and received the latter's general warranty deed therefor. The deed was an absolute conveyance, but contained the particular stipulation that:

"It is understood and agreed that possession of the above described land and premises shall be delivered to the grantee herein not later than 90 days from this date."

As stated, this transaction was had and said deed was executed and delivered on July 5, 1926. On August 4, following, Bacher, the vendee, filed this suit to recover title and possession of the land. The cause was tried on September 7, when Bacher recovered judgment in accordance with his prayer, with writ of possession. The Hansens have brought the case up on writ of error.

The only question presented in the appeal is that of whether the quoted provision in the deed requiring the vendors to deliver pos-

session within not less than 90 days entitled them, as a matter of law, to retain that possession for the full period of 90 days. The only evidence adduced upon the trial was the deed in question, which was introduced by the grantee, Bacher, who thereupon rested his case. The grantors, standing upon a plea only of not guilty, offered no evidence, so that the deed constituted the only evidence upon which the judgment was rendered.

If the quoted provision with reference to possession amounted to an absolute reservation, in favor of the grantee, of the right of possession for the full period of 90 days, then this suit was prematurely brought by the grantee, .and its commencement should have been postponed until the expiration of the 90-day period. Certainly the grantee, having undoubted title, was entitled to possession at the end of that period.

[1] Was the quoted language in the deed intended as an absolute reservation to the grantor of the right of possession during the entire period? We do not think it can be given such construction. The conveyance of the title was absolute, carrying with it the primary right of immediate possession, and the restrictive clause with reference to possession was in derogation of that title—was, in a sense, repugnant to the grant of title. It must be construed most strongly against the grantor. If it had been the intention of the parties that the grantor should have the absolute right of possession for the full 90-day period, they would have expressed that intention in more positive and explicit language.

[2] No pleading or evidence was offered by the grantor upon the question, and we therefore can look only to the language of the restrictive clause. In such situation we conclude that the effect of the restriction was to reserve to the grantor a reasonable time within which to surrender possession of that from which he had parted with the absolute title, not in any event to exceed 90 days. The surrender, within that period, was made to depend upon the convenience or necessity of the grantor, who was in a better position to show the presence and extent of that convenience and necessity.

[3, 4] We conclude, further, that the showing of convenience and necessity was a matter of defense of the grantor; that if he could not reasonably vacate the premises when demanded of him in this suit he could have abated the action by pleading and showing the true facts; that the burden rested upon him to do so; that when the grantee introduced his deed in evidence he made a prima facie case, thus shifting the burden to the grantor to show that to oust him at that juncture would be unreasonable and violative of the contractual but condi-

tional permission for continued possession. Having failed to meet this burden, he cannot complain of the judgment ousting him from possession prior to the expiration of the 90-day period. He made no effort to stay the proceeding, or abate it upon his subsequent contention that it was prematurely brought; he sought no stay of the writ of possession. He simply sat in silence in the face of the prima facie case made against him, and without complaint permitted judgment to go against him for that for which he had been fully paid, and the title to which he had absolutely conveyed to another.

No equitable reason is presented for disturbing the judgment, which is accordingly affirmed.