HANSEN et al. v. BACHER. (No. 823–4871.)

Commission of Appeals of Texas, Section B. Nov. 2, 1927.

1. Deeds ⬗141, 142—Clause for delivery of possession "not later than 90 days" from date held reservation, not ineffective as repugnant to grant.

Clause in deed that possession should be delivered to grantee "not later than 90 days from this date" *held* to amount to reservation, and is not repugnant to grant, so that it is not ineffective, and instrument is not absolute conveyance of fee-simple title.

2. Deeds ⬗142—Reservations are allowed in deed unless right reserved is "repugnant" to grant.

Reservations are freely allowed in deeds unless right reserved is "repugnant" to grant, and there is no repugnance unless reservation attempts to destroy grant in whole or in part, and, if given force, would necessarily have such effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Repugnance.]

3. Deeds ⬗142—Repugnancy of reservation in deed, to render it ineffective, must be as specific as grant, though not necessarily as broad.

In order for reservation in deed to be repugnant to grant so as to render it ineffective, it is not required that attempted reservation be as broad as grant, but it must be as specific.

4. Deeds ⬗142—Rule that specific reservation is valid only if grant is general was adopted in search for intention of parties which is paramount.

Rule that specific reservation in deed is valid if grant is general, but not if grant is specific, is artifice adopted in search for real intention of parties which is paramount in every inquiry.

5. Deeds ⬗143—Provision in deed for delivery of possession "not later than" 90 days afterward means "within" such time.

Provision in deed for delivery of possession "not later than 90 days from this date" means

"within" or "not beyond" that time, since, when time is spoken of, any act is within time named that does not extend beyond it.

**6. Deeds** ⬅143—**Grantors in deed providing for delivery of possession in "not later than 90 days" had absolute right to hold for that period.**

Under deed providing for delivery of possession "not later than 90 days from this date," grantors had absolute option to hold property during that period without offering any reason for so holding it to grantee or having burden to explain holding in action of trespass to try title, notwithstanding introduction of deed in evidence.

**7. Appeal and error** ⬅781 (4)—**Writ of error involving construction of clause in deed for delivery of possession within 90 days will not be dismissed notwithstanding expiration of period where title is involved in action.**

Where title as well as right of possession is involved in action of trespass to try title, writ of error based on construction of clause in deed, for delivery of possession "not later than 90 days" from date of deed, will not be dismissed on theory that subject-matter of controversy ceased to exist, notwithstanding expiration of such 90-day period.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action in trespass to try title by Charles Bacher against H. P. Hansen and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (293 S. W. 628), and defendants bring error. Reversed and remanded.

See, also, 295 S. W. 316.

Elmer Graham, of Houston, for plaintiffs in error.

Oliver C. Aldrich and D. C. Hogan, both of San Juan, for defendant in error.

POWELL, P. J. The Court of Civil Appeals states this case accurately, as follows:

"Charles Bacher brought this action in trespass to try title against H. P. Hansen and wife to recover title and possession of a tract of land in Hidalgo county. It appears from the record that Bacher purchased the land from the Hansens on July 5, 1926, and on that day paid the consideration and received the latter's general warranty deed therefor. The deed was an absolute conveyance, but contained the particular stipulation that:

" 'It is understood and agreed that possession of the above-described land and premises shall be delivered to the grantee herein not later than ninety days from this date.'

"As stated, this transaction was had and said deed was executed and delivered on July 5, 1926. On August 4, following, Bacher, the vendee, filed this suit to recover title and possession of the land. The cause was tried on September 7, when Bacher recovered judgment in accordance with his prayer, with writ of possession. The Hansens have brought the case up on writ of error.

"The only question presented in the appeal is that of whether the quoted provision in the deed requiring the vendors to deliver possession within not less than 90 days entitled them, as a matter of law, to retain that possession for the full period of 90 days. The only evidence adduced upon the trial was the deed in question, which was introduced by the grantee, Bacher, who thereupon rested his case. The grantors, standing upon a plea only of not guilty, offered no evidence, so that the deed constituted the only evidence upon which the judgment was rendered."

The Court of Civil Appeals affirmed the judgment of the trial court, 293 S. W. 628. The affirmance was based upon the reasoning that:

"The conveyance of the title was absolute, carrying with it the primary right of immediate possession, and the restrictive clause with reference to possession was in derogation of that title—was, in a sense, repugnant to the grant of title."

[1-4] If the clause under consideration is repugnant to the grant of the deed, then it must fall, and the instrument must be held to be what it otherwise would be, an absolute conveyance of the fee-simple title. This would imply a covenant for immediate possession. We are of the opinion the clause amounts to a reservation and is in nowise repugnant to the grant. That reservations may be made from valid grants does not admit of dispute. The purpose of a reservation is to save to the grantor something that otherwise would pass by the grant, so that, in a sense, every reservation may be said to be repugnant to the grant, but this is not true in any legal sense, but only in the popular understanding. In truth, unless the grant conveys the right reserved, there is no place or necessity for a reservation at all. Reservations are freely allowed unless the right reserved is repugnant to the grant. There is no repugnance unless the reservation attempts to destroy the grant in whole or in part, and, if given force, would necessarily have that effect. It is not required to show a repugnancy that the attempted reservation be as broad as the grant, but it must be as specific. The repugnancy may be in part only. Undoubtedly the grant here, without any reservation, would carry the right of immediate possession, but the grant is general, and this right of immediate possession is by implication and is not specific. If the grant expressly covenanted for the right of immediate possession, then the attempted reservation, also expressly retained, would necessarily contradict the grant, be repugnant thereto and would fall. This rule of construction is but an artifice adopted in the judicial search for the real intention of the parties, which is paramount in every inquiry. If the grant is general, and the reservation

is specific, it is evidence of the intention of the grantor to limit the grant, by this carving out, whereas, if it is a specific grant of a right or thing, the subsequent reservation of the same right or thing is contradictory and repugnant to the intention first clearly expressed, and, under a well-known rule of construction, will be held for naught, for it thwarts the expressed intention of the grantor. See Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043.

Applying these principles, the deed from the Hansens must be held to have passed the title to Bacher subject to the reservation as to possession.

[5] The Court of Civil Appeals further held that—

The "effect of the restriction was to reserve to the grantors a reasonable time within which to surrender possession * * * not in any event to exceed 90 days, and that this cast upon the plaintiffs in error, as grantors, the burden of introducing evidence as to the reasonableness of any time short of the 90 days."

We cannot agree to this construction. "Not later than" 90 days means "within" or "not beyond" that time. It is the equivalent of "on or before." Now "within a certain period," "on or before a day named," and "at or before a certain day," are equivalent terms and the rules of construction apply to each alike. Leader v. Plante, 95 Me. 339, 50 A. 54, 85 Am. St. Rep. 415. Again, when time is spoken of, any act is within the time named that does not extend beyond it. Sanborn v. Fireman's Ins. Co., 16 Gray (82 Mass.) 448, 77 Am. Dec. 419. Within a certain time embraces the last day of the time limited. Union, etc., Co. v. Chattanooga Electric Ry. Co., 101 Tenn. 297, 47 S. W. 422; Miller v. Henshaw, 4 Dana (34 Ky.) 325. Surely the language here used, "not later than 90 days from this date," necessarily allows every day within that time for the performance of the covenant for possession. Delivery on the eighty-ninth day would be "not later than 90 days." The deed, which constituted the only evidence offered, containing this valid reservation, the undisputed evidence shows that Bacher's suit was prematurely brought, for at that time he was not entitled to possession, an indispensable element in the right to recover in trespass to try title. State v. Dayton Lumber Co., 106 Tex. 41, 155 S. W. 1178.

[6] The Court of Civil Appeals says that, when the grantee introduced his deed in evidence, he made a "prima facie case," entitling him to recover, thereby shifting to the grantors the burden of showing that it would be unreasonable or inconvenient to the latter to vacate the premises prior to the end of the 90-day period. We cannot agree with this view. The reservation was an express, definite, and absolute limitation upon the clause in the deed which granted the title.

It spoke the intention of the parties with reference to the possession feature of the title. The grantors had an absolute option to hold the property during that period, and were under no duty or obligation to offer any reason to the grantee or any court for so holding it.

[7] We probably ought to suggest the dismissal of the writ of error, without a decision on the assignments, since indisputably the time has now expired within which defendant in error would be entitled to possession of the property, and courts will not entertain appeals when the subject-matter of the controversy has ceased to exist. But, strictly speaking, under the pleadings in this case, the title as well as the right of possession was involved. Therefore it cannot be said the subject-matter has ceased to exist. It is possible the evidence will be different on another trial, and no harm can come from remanding the cause.

Therefore we recommend that the judgments of both courts be reversed, and the cause remanded to the district court for another trial.

CURETON, C. J. Judgments of the district court and the Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.