## PICKRELL v. PICKRELL.

### No. 5073.

Court of Civil Appeals of Texas. Amarillo.

Oct. 30, 1939.

Griffin & Morehead, of Plainview, and James A. Gowdy, of Muleshoe, for appellant.

E. A. Bills and T. Wade Potter, both of Littlefield, for appellee.

STOKES, Justice.

This suit was filed by the appellee on January 20, 1938, the purpose of the suit being to recover from appellant, who is his brother, a certain four room house and combination garage and smokehouse which he alleged had wrongfully been removed by appellant from land and premises belonging to appellee, and, in the alternative, for damages. The case was submitted to a jury upon special issues, all of which were answered in favor of appellee, and the court entered judgment accordingly.

The record shows that J. Pickrell and his wife owned considerable land, including labors 19 and 20 of league 642, in Lamb County, and that the town of Fieldton, consisting of a plot of 26½ acres, was established on labor 20 during their lifetime. J. Pickrell and his wife died, leaving as portions of their estate a large number of town lots in the town of Fieldton and labors 19 and 20 of league 642, together with other lands. After the deaths of J. Pickrell and his wife, the appellant herein, H. C. Pickrell, filed a suit in the district court of Lamb County, seeking to have the properties of the estate partitioned between the two sons, consisting of himself and the appellee, and three daughters, who constituted all of the children of the deceased parents. At the August term, 1936, the commissioners in partition who had theretofore been appointed by the court, made their report in which they allotted to appellee, C. E. Pickrell, all of labor 20 and the east twelve acres of labor 19, in league 642, save and except the town lots theretofore cut off of labor 20, consisting of 165 acres of land, together with other real and personal property. They allotted to appellant 77 town lots on the townsite of Fieldton, together with other property.

Labor 20 constituted the homestead of the parents, their dwelling and outbuildings being located a short distance south of the townsite of Fieldton. The record is not clear as to the exact location of the four room house, garage and smokehouse, to recover which appellee brought this suit, but it is sufficient, we think, to show that they were not located on either labor 20 or the east 12 acres of labor 19 but were located on land awarded to appellant. The four room house was a small dwelling house located near the parental residence and had been used by the parents as a place in which to house their hired help and as a tenant house. The garage and smokehouse seem to have been a combination building and were used by the parents and in connection with the four room house. As we have stated, while these structures were located near the residence of the deceased parents, they were not located either on the east 12 acres of labor 19 or on labor 20. The record indicates at least a portion of the garage was located on a strip of land thirty feet in width running along the south side of the townsite which had been laid off as a street in connection with the town of Fieldton. This strip of land was afterwards recovered by appellant, H. C. Pickrell, in a suit of trespass to try title.

In the latter days of December, 1936, after the estate had been partitioned by the district court, appellant removed the four room house and combination garage and smokehouse from the place where they had been established by his father to his home a few hundred yards distant and the purpose of appellee in filing the instant suit was to recover these structures or their value as damages.

The contentions made by appellant in this appeal are, first, that appellee's petition alleged a cause of action which exceeded the jurisdiction of the county court. Secondly, that the subject matter of the suit had been adjudicated in the partition suit and his plea of res judicata should, therefore, have been sustained, and, thirdly, that the suit of appellee constitutes a collateral attack upon the judgment in the partition suit.

We cannot agree with appellant in his first contention to the effect that the petition states a cause of action which exceeds the jurisdiction of the county court. It is alleged in the petition that at the time the house was taken by appellant it was of the value of $500 and that the garage and smokehouse were of the value of $300. It is also alleged that in moving the house appellant damaged it to the extent of $100 and that the smokehouse was likewise damaged in the sum of $50. Appellant contends that, in addition to these items, which aggregate the sum of $950, appellee is suing for the rental value of the house in the sum of $140 and of the garage and smokehouse in the sum of $50 and, according to his calculation, the total amount sued for by appellee is $1,140, which is in excess of the jurisdiction of the county court. We do not construe the petition to be a suit for all of these items. While it is alleged the house, before it was moved, was of the value of $500 and the garage and smokehouse of the value of $300, in view of other allegations and the prayer, these allegations really have no place in the petition. As we construe the allegations of the petition, it is a suit for the title and possession of the buildings removed and, in the alternative, for the sum of $650 which it is alleged was their value after being removed, together with the damages of $150, and reasonable rental value of $190, aggregating the sum of $990, which is within the jurisdiction of the county court. The first contention of appellant is, therefore, overruled.

As to the second contention which involves the appellant's plea of res judicata, the record shows that in the partition suit in the district court all of the parties appeared and agreed that the court may appoint commissioners to partition the estate. The commissioners were appointed and in due time made their report in which they allotted to appellee labor 20 and 12 acres off of the east side of labor 19, save and except the town lots that had theretofore been taken from labor 20 and platted into a townsite. The report was approved and judgment of the district court was entered in which the titles were confirmed in the parties respectively to whom the various tracts and parcels had been allotted by the commissioners. From this judgment no appeal was taken and it became the final judgment of the district court. The record is not clear as to the exact location of the buildings that were removed by appellant but it seems to be conceded they were not located upon any of the land awarded to appellee, but were actually located upon land that was awarded to appellant. It was the contention of appellee in the trial court, and he so contends here, that labor 20 which was awarded to him, save and except the town lots, constituted the home place of the deceased parents and it having been awarded to him by the commissioners in partition and by the judgment of the court in the partition suit, he was entitled to all of the buildings and appurtenances occupied and used by the deceased parents in connection with their home place. He contends that, inasmuch as the four room house, garage and smokehouse were used by the deceased parents in connection with their homestead and as a place of residence for their hired help on the farm, it was the intention and purpose of the commissioners in partition, and of the court in entering the judgment of partition, to allot and decree to him these buildings, although they may have been actually located on land allotted and decreed to appellant. The report of the commissioners in partition does not specify any buildings, improvements or appurtenances but merely describes the land allotted to appellee as labor 20 and the east 12 acres of labor 19, save and except the town lots. Appellee takes the position, therefore, that the report and decree are ambiguous and subject to explanation in this case. In an effort to explain the alleged ambiguity he introduced witnesses, including the three commissioners, who testified over the objection of appellant that the commissioners really intended to award all of the buildings at the home place to appellee. Appellant objected to all this testimony upon the ground that it was designed to modify and change the decree in the partition suit; that these matters had all been adjudicated in that suit and that it was a collateral attack upon the judgment in

the partition suit. He leveled exceptions to allegations in the petition to this effect, which exceptions were overruled · by the court and the action of the court in overruling the exceptions, as well as his objections to the testimony, are made the basis of this second contention.

■ Neither the report of the commissioners nor the decree of the court in the partition suit mentioned the buildings, improvements or appurtenances to the land awarded to either of the claimants. We do not understand, however, that it is necessary for a conveyance, devise or decree of land to specify its appurtenances or improvements in order that ·they may pass with the land conveyed, bequeathed or decreed. The rule is that in the absence of a reservation in the deed, devise or decree, buildings and other articles affixed to or used in connection with realty in such way as to constitute appurtenances or fixtures pass as a matter of course by the conveyance, devise or decree passing the title to the realty. Hunstock v. Limburger, Tex.Civ.App., 115 S.W. 327; Schaefer et al. v. First Nat. Bank, Tex.Civ. App., 189 S.W. 556; Sheets v. Selden et al., 2 Wall. 177, 69 U.S. 177, 17 L.Ed. 822. There is nothing in the report of the commissioners to indicate they intended appellee should have more than that which was located upon the land allotted to him. The "home place" was not alluded to as such in the report. The description of the property allotted to appellee is not different, except in the designation of the property, from that which was allotted to appellant. Neither the word "appurtenances" nor "improvements" is used in connection with either of them. It would seem, therefore, that under the terms of the report and decree of the court in the partition suit, if appellee is correct in his contention, appellant would have as much claim to the buildings and appurtenances located on labor 20 allotted to appellee as appellee ·would have to the buildings and appurtenances located upon the property allotted to appellant.

■ The trial court seems to· have been in accord with the contention of appellee that the report of the commissioners and the decree in the partition suit were ambiguous and subject, therefore, to be explained by extrinsic testimony in this case. With this contention we cannot agree. The report and decree plainly allot and award to appellee labor 20, save and

except the town lots. That award carried with it all of the improvements located upon that tract of land. Likewise they awarded and decreed to appellant the tract of land upon which the buildings in controversy in this case were located and that award carried with it all of the buildings, improvements and appurtenances located upon that tract. The failure ·of the report and decree specifically to designate buildings and improvements, as such, did not make them ambiguous. If they were free from ambiguity no extrinsic evidence would be admissible to add to or explain ·them. Barclay v. Stuart, 4 Tex.Cr.R. 685, 23 S.W. 799; Rosenthal v. Sun Co., Tex. Civ.App., 156 S.W. 513.

Appellee contends in· this connection that the report and judgment failed to describe or specify the town lots awarded to appellant and, for that reason, they were ambiguous and subject to explanation in this suit. The town lots were not awarded to appellee, but to appellant. That is, therefore, a matter with which appellee is not concerned in this case. The mere fact that they may have been ambiguous in some respect immaterial to the issues being tried constitutes no warrant for going into the report and decree in the former litigation and making specific all of their parts which may be deemed ambiguous.

Neither can we sustain appellee's contention that because, the report and decree of the court in the partition. suit did not specifically dispose of the house and garage, the report and decree were afflicted with a latent ambiguity and, therefore, subject to extrinsic evidence. Appellant's exception to the petition upon that ground and his objection to the testimony offered in support of it should have been sustained. Likewise his objection to special issues Nos. 1 and 2 submitting to the jury the question of the intention of the commissioners should have been sustained. In the absence of ambiguity in the report and former judgment, thus relieving them of extrinsic, explanatory evidence, these allegations, evidence and findings of the jury constituted matters that had been adjudicated in the former proceeding and were subject to the contention of appellant that they were res judicata. They likewise constituted a collateral attack upon the partition judgment as is asserted by appellant under his third contention. All of these exceptions and objections were overruled and in these rulings we think the

court committed error for which the judgment will have to be reversed. Without these allegations in the petition, the testimony adduced from the witnesses on this point and the findings of the jury under special issues Nos. 1 and 2, appellee had no basis upon which to maintain this suit. The case seems to have been fully developed and no purpose could be subserved by another trial.

The judgment of the court below will be reversed and judgment here rendered for the appellant.