**Joe B. MILAM, Jr., Appellant,**

v.

**James L. COLEMAN, Jr., Appellee.**

**No. 290.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 22, 1967.

Rehearing Denied Aug. 31, 1967.

Harry F. Maddin, of Cullen, Mallette, Maddin, Edwards & Williams, Victoria for appellant.

O. F. Jones, of Guittard, Henderson, Jones & Lewis, Victoria, for appellee.

## OPINION

NYE, Justice.

The single question involved in this case is the construction of the warranty deed from the appellant Milam to appellee Coleman. The question is whether the grantor Milam may remove two houses from the two lots involved, after the ninety days from the execution of the deed by the grantor has expired. The grantee Coleman brought suit for a temporary injunction and declaratory judgment against the grantor involving the title and ownership to the two houses on the lots which had previously been conveyed to the grantee. The trial was to the court without a jury and upon completion of the evidence the court entered judgment for James L. Coleman, Jr., declaring that he is the owner of the lots and improvements and that grantor Joe B. Milam, Jr. has no interest in the two houses. It is from this judgment that this appeal is taken.

The pertinent portions of the warranty deed in question are as follows:

"THAT I, Joe B. Milam, of Victoria County, Texas, for * * * valuable consideration to me in hand paid by James L. Coleman, Jr., * * * have GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents do grant, bargain, sell and convey unto James L. Coleman, Jr., of Victoria County, Texas, *all* of the following described property situated in Victoria County, Texas, to-wit:

(Legal description of property)
"*PROVIDED, however that Grantor shall have the right to remove the houses and other improvements located upon the premises, and in such event Grantee shall have no claim upon such houses or improvements, but Grantor shall remove said houses within ninety (90) days from the date of execution of this Deed, and in the event of such removal, Grantor shall level and smooth the lots, leaving nothing above ground level except growing vegetation.*

"TO HAVE and TO HOLD the above described and conveyed land and premises, together with all and singular the rights, improvements and appurtenances to the same in any manner belonging, incident or appertaining, unto the said James L. Coleman, Jr., his heirs and assigns, forever, subject to the above provision regarding the removal of certain improvements.
(Paragraph concerning vendors lien retained)

"AND I, Joe B. Milam, do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend all and singular the above described and conveyed land and premises unto said James L. Coleman, Jr., his heirs and assigns, against the claim or claims of any and all persons whomsoever lawfully claiming, or to claim the same, or any part thereof." (Emphasis supplied.)

It was undisputed that the houses were not moved within ninety days from execution of the deed and although Milam had made arrangements within such ninety days for a house mover to remove the same, neither party had contacted and other until after the ninety-day period had expired.

After the expiration of the ninety days Milam attempted to come upon the property involved for the purpose of removing the houses, whereupon Coleman brought this suit.

Appellant's single point complains of the error of the trial court in finding and concluding that the intention of the parties was that the houses in question should become the property of appellee if not removed in ninety days because said findings of fact are not supported by the evidence and because the deed does not clearly express the intent of the parties that a forfeiture would be worked at the expiration of ninety days but to the contrary by all reasonable rules of construction the ninety-day provision was no more than a covenant, the breach of which would give rise to a cause for damages and not work a forfeiture.

 It is the law of this state that in construing deeds, the court should give effect to the intention of the parties in view of the fact that such instrument is a bilateral agreement evidencing a meeting of the minds of both parties. The court will ascertain and give effect to the intention of the parties as gathered from the entire instrument together with surrounding circumstances. Smith v. Allison, 157 Tex. 220, 301 S.W.2d 608 (1956); 19 Tex.Jur.2d 391–392, § 107, Deeds.

During the course of the trial it was developed from the evidence that the giving of the deed in question was the result of negotiations that led to the settlement of a prior suit involving deed restrictions on some adjoining property to the property in question. As a result of the settlement of this prior law suit Coleman purchased the property from Milam. The trial court found that Coleman had offered to either pay Milam $20,000.00 for the two lots and houses or to pay him $19,000.00 with possession to be delivered to the property ninety days after the execution of the deed; that Milam accepted the latter proposition. The court further found that the parties intended that title to Lots 17 and 18 would pass to Coleman upon execution of the deed and title to the houses in question would pass to Coleman at the end of ninety days from the date of execution of the deed and that Coleman would take possession of the lots, together with any improvements and appurtenances of the same at the end of ninety days after the execution of the deed. The court further found that Milam could retain the houses in question located on the two lots at the time of the execution of the deed if he removed them from said lots prior to the expiration of ninety days; that the ninety days had expired and Milam had not removed the houses in question from the two lots. The court concluded that the deed in question plainly and clearly expressed the intent of the parties that Coleman would be the owner of the houses in question at the end of ninety days from the execution of the deed if Milam had not previously removed the same; that Milam having failed to remove the said houses at the expiration of ninety days after the execution of the deed title thereto passed to Coleman and the houses are presently his property.

 A reading of the deed from its four corners to give effect to the intent of the parties, we find that the following language sheds light upon this intent. First, the grantor evidences an intention to convey *all* of the property involved in the beginning granting clause. The deed says "have GRANTED, BARGAINED, SOLD and CONVEYED and by these presents do grant, bargain, sell and convey unto James L. Coleman, Jr. *all of the following described property* situated in Victoria County, Texas." (Emphasis supplied.) The rule is that in absence of a specific reservation in a deed, buildings and other improvements used in connection with realty in such a way as to constitute appurtenances or fixtures, pass as a matter of course by the conveyance which decrees the title to the realty to the grantee. Pickrell v. Pickrell, 134 S.W.2d 740, 743 (Tex. Civ.App.-Amarillo 1939). If there was

nothing to the contrary, at this point the houses would go with the lots.

 The proviso contained in the deed which follows the legal description is not a reservation or exception in the strict sense. The intent of the grantor to create an exception should be clearly expressed and should be as definite and certain as the granting clause of the deed. 26 C. J.S.Deeds §§ 137–138. This proviso evidences an intent on the part of the parties to treat for the time being the improvements and fixtures movable personal property. It is said in the deed that Milam the grantor shall have the right to remove the houses and other improvements located on the premises "and in such event" or, in other words if he exercises this right "grantee shall have no claim upon such houses or improvements." What is not said but is clear from the language, is that if the grantor does not exercise this right he will have no claim to the houses. The condition of the proviso states that the grantor Milam "shall remove said houses within ninety (90) days from the date of the execution of this Deed," and then the proviso goes on to say that "and in the event of such removal, grantor shall level and smooth the lots, leaving nothing above ground level except growing vegetation."

In 25 Tex.Jur.2d 408, § 15, Fixtures, it is said: "Since improvements are deemed to have been made for the permanent enrichment of the freehold, in the absence of an agreement to the contrary, things permanently affixed to the realty by a vendor, prior to the execution of a contract of purchase or before a conveyance, are not removable but pass to the vendee, even though such things are not mentioned in the deed, * * *." Where the vendor reserved to himself the right to remove the fixtures from the property, he would have a reasonable time after the delivery of the deed within which to remove such fixtures. Where the parties contract to the effect that if the vendor does remove the fixtures, the grantee would have no claim to such fixtures, then title would pass upon

the removal within a reasonable time. Where the parties set a time limit for removal by a provision in their agreement then the parties are relegated at the time set by them. See also 25 Tex.Jur.2d 426, § 29, Fixtures. It has been held that where the instrument said "not later than 90 days" it means within that time. It is the equivalent of on or before ninety days. Hansen v. Bacher, 299 S.W. 225 at 227 (Tex.Com.App. 1927, opinion approved).

The habendum clause gives all of the property, including the improvements to the grantee subject to the above proviso regarding the removal of the improvements. The fourth corner of the instrument being the warranty clause, the grantor binds himself to warrant and forever defend the above described and conveyed land and premises without exception or reservation. We view the language of this instrument as an intent on the part of the parties to treat the houses as personalty for a ninety-day period within which the grantor had the right to remove the property which otherwise would be a part of the land and follow the conveyance of the lots.

 It has been said most appropriately, by the eminent Texas Jurist that:

"* * * In every judicial investigation the discovery of the truth should be the aim and desire of the court, and obviously, if an instrument of writing is obscure, the ascertainment of the intent of the parties to it should be the end sought, and, if that end can be accomplished by evidence aliunde, it should be admitted. * * *" Cox v. Rust, 29 S.W. 807 (Tex.Civ.App. 1895 by Fly, J.)

The record before us shows that there was introduced into evidence a letter which amounted to a proposal by Coleman to Milam's agent with a copy of the letter to Milam's attorney. This letter had this statement in it: "Dr. Coleman will purchase the two lots of Mr. Milam's on Louise Street for $20,000.00 cash with immediate possession upon delivery of the

deed, or he will pay $19,000.00 cash and allow Mr. Milam to retain the two houses presently there provided they are removed from the premises within 90 days." Other evidence in the record substantiates that the parties intended that Milam could have the houses provided he removed them from the property within ninety days from the execution of the instrument. If the deed is susceptible to any other construction than that which we have held herein, then we hold that the evidence received by the trial court was sufficient to clarify the intent of the parties to the deed. Appellant's point is overruled.

Judgment of the trial court is affirmed.