### JOSEPH SARRO v. BASCOM BELL.

Decided February 9, 1910.

**1.—Brief—Assignment of Error—Irrelevant Proposition.**

A proposition that the court erred in excluding the testimony of certain witnesses, is not germane to an assignment of error that the court erred in instructing a verdict for the appellee, and therefore can not be considered on appeal.

**2.—Trespass to Try Title—Partition—Rents—Pleading—Judgment.**

In a suit of trespass to try title to an undivided half interest in an improved town lot, the plaintiff prayed for judgment for his interest in the lot, for partition, rents, damages, etc.; the defendant answered by plea of not guilty; the court instructed the jury to return a verdict for the plaintiff for an undivided half interest in the property, and for one-half its reasonable rental value, and judgment was entered accordingly; on appeal the defendant did not complain of the judgment in so far as it adjudicated to the plaintiff an undivided one-half of the property, but only of the judgment for one-half the rents. Held, the property involved in the adjudication of the title necessarily included the improvements on the land, and in the absence of an attack on the judgment as to the title, the court properly rendered judgment for the rental value of the entire property, land and improvements; and this, though it was uncontradicted that the improvements were all made by the defendant and gave the property its rental value. The defendant should have plead his equity.

**3.—Attorney and Client—Testimony not Privileged.**

The testimony of an attorney to the effect that his client understood an ex parte deposition made by him, would not be subject to the objection that it was a confidential communication.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*J. D. Childs,* for appellant.

*Clark & Bliss,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee brought this action by a petition in trespass to try title for the title to an undivided half of a lot in the city of San Antonio, and prayed, upon appropriate allegations, for judgment for such interest in the premises, for partition, and for rents and damages, etc. Defendant's answer was, not guilty. The court directed the jury to return a verdict for plaintiff for an undivided half interest in the property, and for one-half of the reasonable rental value thereof from May 14, 1906, to the time of trial.

Appellant's first assignment of error is that the court erred in peremptorily instructing the jury as was done. The first proposition under this assignment is that the court should not have excluded

certain testimony of three witnesses. This proposition can not be considered under the assignment of error. The assignment alleges error in the giving of the peremptory charge, which means that, on the testimony introduced, the charge was improper. If appellant desired to present errors committed by the court in excluding certain testimony, the only way to present such matter for revision was to complain of them by assignments. We would be going out of our way and committing error ourselves, if we gave effect to this proposition.

The second proposition is that "defendant having testified that the real estate in controversy was bought and paid for by himself and all improvements erected thereon by his own skill, labor and capital (which testimony was not controverted by plaintiff) the plaintiff was therefore not entitled to any part of the rents and profits of said property, and the trial court, in instructing the jury to find for plaintiff one-half of the rental value of the said property and in receiving the verdict finding for plaintiff $140 for rent and in rendering judgment thereon, committed affirmative error."

The above proposition does not complain of the decree in so far as it adjudicates to plaintiff the title to an undivided half of the property. There is nothing in this brief, so presented as to enable us to consider it, which authorizes us to disturb the judgment concerning the title, and the property involved in the adjudication of the title necessarily includes the improvements. The proposition merely complains of the judgment awarding plaintiff a recovery of one-half the rental value of the property. If plaintiff acquired title to an undivided half of the lot and improvements by his deed, it follows he is entitled to half the rental value of same during the time defendant has appropriated the rents to the exclusion of plaintiff, as all the evidence shows he has done since plaintiff acquired his interest.

The contention is based on the testimony that the improvements were placed on the lot back about 1891 by defendant with his own means, and it may be stated that it was these improvements which gave the place its rental value. But we do not see how we can give defendant any relief based on his having erected the improvements, when we are confronted in the same connection with a judgment which we can not revise, and which determines the title to half of the lot with improvements to be in plaintiff.

The second and third assignments of error complain of the court's permitting S. E. Eldridge to testify as to whether or not the appellant, Joseph Sarro, understood a deposition given by him *ex parte,* the objections being, first, that Mr. Eldridge, acting as Sarro's attorney at the time, could not testify to confidential communications; and, second, that his testimony consisted of conclusions.

Appellant Sarro, after his *ex parte* deposition was read, testified in substance that he didn't understand it all and that they (referring among others to Eldridge, his attorney), just said, sign; that the facts in the deposition are not true—they made him sign. Mr. Eldridge told him to sign it and he signed it; that he afterwards discharged Eldridge and got another lawyer, etc. There was nothing in the nature of a confidential communication involved in the testi-

mony· of Eldridge, and particularly so under the above circumstances. The objection that his testimony consisted of conclusions was properly not sustained.

In addition, if defendant was equitably entitled to an allowance for the improvements and the rents growing out of the same, this is a matter that should have been claimed by his pleading.   Affirmed.

*Affirmed.*

Writ of error refused.