## DONALDSON v. CLEVELAND et al.
### No. 14304.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 28, 1941.

Rehearing Denied Jan. 9, 1942.

Cunningham, Lipscomb & Cole, of Bonham, for appellant.

Dennis Zimmermann, of Tulia, for appellees.

BROWN, Justice.

Appellant, J. W. Donaldson, brought suit against J. D. Cleveland and nine other defendants, and also joined as a defendant Henry Chaney, the sheriff of Fannin County, Texas.

Appellant alleged that he is a non-resident of the State of Texas, and that his residence is in the State of New Mexico.

His first allegations are: "That the plaintiff herein, on or about the 1st day of November, 1940, was lawfully seized and possessed of an undivided interest in and to the following described lands and premises, holding and claiming to own the same in fee simple, to-wit:" The lands being described as 320 acres in Fannin County. Then follow the usual allegations in trespass to try title. There is no other allegation touching any interest in said lands.

Without pleading in the alternative or numbering same, the above allegations are followed by allegations to the effect that on June 11th, 1940, J. D. Cleveland, as plaintiff, filed suit against appellant in the district court of Swisher County, Texas, asserting that appellant was indebted to said Cleveland in the sum of $1,800, by reason of the execution of a promissory note in such sum. The petition in such suit is attached to appellant's pleading in the instant suit, and is made a part thereof.

That acting upon such petition, the plaintiff caused a writ of attachment to issue and placed same in the hands of the sheriff of Fannin County, commanding such officer "to attach all of plaintiff's interest in the above described lands and premises". That the said officer attached same, and the writ of attachment is made an exhibit to appellant's petition and a part thereof.

That after the attachment had been issued and returned to the district court of

Swisher County, on August 24th, 1940, J. D. Cleveland amended his original petition "and set up a new and different and distinct cause of action, alleging, among other things, that the note sued upon was executed to the said J. D. Cleveland as the agent and representative of the other plaintiffs who joined him in prosecuting said suit on the amended petition". That no writ of attachment was issued on the amended petition; but that a non-resident notice was served upon appellant at his home in New Mexico.

The amended petition is made an exhibit to appellant's petition and is a part thereof.

He next alleges that he did not file an answer in, nor did he enter any appearance in, the Swisher County suit, and that on September 24th, 1940, J. D. Cleveland and the other defendants here (other than the said sheriff) purported to recover judgment against appellant, the judgment reciting that the writ of attachment above referred to had issued, and a copy of such judgment is made an exhibit to appellant's petition and a part thereof.

That acting upon such judgment, the defendants in the instant suit (other than said sheriff) caused an order of sale to be issued, directed to the proper officers of Fannin County, commanding them to seize and sell said lands as under execution, to satisfy said judgment; that said sheriff levied upon appellant's interest in said above-described land and is threatening to sell and will sell same on the first Tuesday in December, 1940, unless a writ of injunction is issued restraining such act.

He alleges that the writ of attachment, the judgment in Swisher County district court, the order of sale, the levy and purported sale, all cast a cloud upon the title and interest of appellant in said lands. That he has no adequate remedy at law. That the only notice issued and served upon appellant on the original petition in the Swisher County district court was a non-resident notice, which is made an exhibit to the petition and a part thereof; that the same facts exist as to the amended petition, and such non-resident notice is made an exhibit to the petition herein and a part thereof.

He next alleges that by reason of all of the matters and facts alleged, "the district court of Swisher County was without jurisdiction to try said cause and that said judgment above referred to is void."

He prays for "judgment recovering the title and possession of the above described lands and premises"; for a temporary restraining order and writ of injunction; that same be made permanent on final hearing; "that the judgment rendered in the district court of Swisher County, Texas, be declared null and void, that all clouds be removed from plaintiff's title to said lands and premises, that he recover damages, etc."

A general demurrer and several special exceptions were urged against such pleading. The trial court sustained the general demurrer and all special exceptions, and appellant—the plaintiff below—declined to amend and judgment was rendered dismissing the suit.

The appeal followed, and the cause having been lodged in the Court of Civil Appeals for the Texarkana District, same was, by our Supreme Court, transferred to the Court of Civil Appeals for the Fort Worth District.

For the purposes of our conclusions, we are treating this record as if the general demurrer to appellant's petition were sustained prior to any action upon the special exceptions.

In Article 7366, Vernon's Civ. Statutes, prescribing the requisites of a petition in trespass to try title, under subdivision 3, we find that the petition "shall state: * * * The interest which the plaintiff claims in the premises, whether it be a fee simple or other estate; and, if he claims an undivided interest, he shall state the same and the amount thereof".

We see no necessity in citing authorities holding that where a plaintiff in trespass to try title seeks to recover a specified interest or amount he may recover less than that sought by him, if the evidence supports his claim, but that he may not recover more than he seeks to recover, regardless of the evidence.

In our opinion, the plain language of subdivision 3, quoted above, either means what it says or it is utterly meaningless.

There can be no way for a defendant in trespass to try title to know what the plaintiff sues for, or how to meet the tendered issues, unless the petition states the extent of the undivided interest sued for and the amount claimed.

We are of opinion that the general demurrer is well taken.

This is made specially apparent to us when we read the petition and find that the evident purpose of this suit is not to recover any actual title claimed by the defendants below, but that the petition discloses that all of the right, title or interest in the premises to which these defendants below are claiming, is whatever right they may have by reason of having obtained a judgment against the plaintiff below (appellant) and the levying of an attachment writ on the premises and a foreclosure of such attachment lien, which foreclosure has not yet been had, but is threatened by appellees.

We hold that the judgment obtained against appellant, by appellees, in the district court of Swisher County, Texas, is regular upon its face and that the instant suit constitutes a collateral attack upon such judgment, and that such attack cannot be made in the district court of Fannin County, Texas.

The judgment decreed in the Swisher County district court does not, in our opinion, attempt to award a personal recovery against Donaldson, but merely finds that such defendant is indebted in the sum found by the court and forecloses the attachment lien to satisfy the judgment to such extent.

Furthermore, the amended petition, in our opinion, declares upon the same cause of action as that set up in the original petition.

The evident purpose of appellant's suit is to have the district court of Fannin County declare the judgment of the district court of Swisher County null and void and to nullify all writs issued out of such last named district court, on the theory that they constitute clouds upon appellant's interest in the land in controversy, and to enjoin appellees and the sheriff of Fannin County from attempting to sell appellant's interest in said lands under the order of sale issued out of the Swisher County district court.

The judgment had in the district court of Swisher County, and all proceedings thereunder, being regular, upon the face of the record before us, the petition is vulnerable as against the general demurrer urged against it.

The judgment is affirmed.