**HICKS et al. v. SOUTHWESTERN SET-
TLEMENT & DEVELOPMENT COR-
PORATION et al.**

No. 4286.

Court of Civil Appeals of Texas. Beaumont.

May 24, 1945.

Rehearing Denied July 11, 1945.

A. M. Huffman, of Beaumont, and Grover C. Lowe, of Woodville, for appellants.

Blades, Chiles, Moore & Kennerly, of Houston, and J. E. Wheat, of Woodville, for appellees.

WALKER, Justice.

This is an action of trespass to try title and for damages, brought by Mrs. Bertha Neyland Hicks and 103 other persons as plaintiffs against the Southwestern Settlement & Development Corporation and others as defendants. Plaintiffs are appellants here. They allege fee title to the Adolpho Sterne league, abstract No. 32, in Tyler County, Texas; and after making the formal allegations of trespass to try title, plead the three, five, ten and twenty-five year statutes of limitation. They allege a disseizin as of and since January 1, 1942, to their damage in the sum of $50,000, and also allege the wrongful production from the land and appropriation by defendants of oil and gas to the value of $760,000. Respecting said oil and gas, plaintiffs "ask that the court require the defendants to file herein a statement, under oath, showing the amount of oil and gas" so produced, removed, and sold by them or appropriated to their own use. Plaintiffs pray judgment for title to and possession of the land, the value of said oil and gas and for general relief.

The defendants filed separate but apparently similar answers, excepting the Kirby Lumber Corporation, which disclaimed. The answer of Southwestern Settlement & Development Corporation, on the stipulation of the parties, is to be taken as the answer of all defendants. This instrument set up in due order a plea in abatement, various special exceptions, a general denial and a plea of not guilty, and various special pleas alleging the three, five, ten and twenty-five year statutes of limitations. Defendants are appellees here. They, as well as appellants, are before us on amended pleadings.

By order entered December 4, 1943, the trial court sustained the pleas in abatement, and appellees' special exception No. 1; and upon appellants' refusal to amend dismissed the suit by order of November

20, 1944. This appeal is taken from the order of dismissal.

It is unnecessary at this point to discuss the special exceptions. The gist of the plea in abatement is that there are tenants in common with appellants who are not, but of right ought to be joined in this suit. Appellees allege that appellants claim title as heirs of Tom Collier; that Tom Collier died intestate in 1900 and that numerous other heirs of Tom Collier, who are named, are not parties to this suit. They also allege that the heirs who have not been joined constitute necessary parties and say that they "are jointly interested in the alleged claim of title asserted by the plaintiffs named in said petition and should be made parties to this cause in order that (defendants) be not vexed and harassed by numerous suits and claims arising out of the same claim of title to the same land."

The briefs reflect the facts. Appellants say: "For the purpose of the hearing on the pleas in abatement, it was agreed that plaintiffs were suing for the land as heirs of Thomas Collier, Deceased, except Mrs. Hicks, who claimed to have inherited her interest from her mother who was the surviving wife of Thomas Collier, also deceased; that Thomas Collier died about the year 1900; and that the 574 persons named in the pleas in abatement were also heirs of Thomas Collier." (Pages 3, 4, Appellants' Brief.) This is the substance of appellees' case on the facts. The qualification respecting Mrs. Hicks is of no significance. The parties nowhere make any distinction between ownership of damages and of land, and they evidently regard the claims for damages as incidents of the title asserted by appellants.

It accordingly appears that appellants profess to have title in fee simple to undivided interests in the land for which they sue, that appellants likewise profess to own in their own right and as an incident of their title to the land, undivided interests in the damages alleged, which are thus the equivalent of their interests in the land, that appellants have numerous tenants in common in their claim of fee title to the land, and in the claims for damages, who are not parties to this action, and the question is whether appellees are entitled on the peculiar facts of the record before us to require that these omitted tenants in common be made parties to this action. It is our conclusion that appellees are not so

entitled, and that the trial court erred in sustaining the pleas in abatement and in dismissing the suit.

■ (A) It was the established rule of decision in this state prior to the adoption of the present Rules of Civil Procedure that, in an action of trespass to try title, a tenant in common could recover the entire tract from one who had no title. 11 Tex. Jur. 500 (Sec. 57); 41 Tex.Jur. 472 (Sec. 17); Padgett v. Guilmartin, 106 Tex. 551, 172 S.W. 1101. Expressions of this rule seem to go back at least as far as Croft v. Rains, 10 Tex. 520. The rule was not changed by the adoption of the Revised Statutes of 1879. Moore v. Stewart, Tex. Sup., 7 S.W. 771. Specifically, the provision made in those statutes, Art. 4786(3), R.S.1879; now Rule 783(c), that a plaintiff allege the interest claimed by him and the character thereof, and if an undivided interest that he also allege the amount thereof, did not affect this rule. Sowers v. Peterson, 59 Tex. 216; Pilcher v. Kirk, 60 Tex. 162; Telfener v. Dillard, 70 Tex. 139, 7 S.W. 847.

The tenant in common had this right only against one without title. Not only was he required to show title to an interest in the land; the burden rested upon him to show that the adverse party had no title, Davidson v. Wallingford, 88 Tex. 619, 32 S.W. 1030; Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920; Land v. Banks, Tex.Com.App., 254 S.W. 786; although as stated in Davidson v. Wallingford, supra [88 Tex. 619, 32 S.W. 1033]: "Ordinarily, when one tenant in common brings a suit to recover land, in proving his own title, he proves that of his cotenant, and thereby shows that the defendant is not entitled to the possession." It was, of course, of no significance that the adverse party asserted a title of his own whether wholly unconnected with that of the plaintiff tenant in common, as in Moore v. Stewart, supra, 7 S.W. 771; or whether the parties claimed under a common source, as in Bounds v. Little, 75 Tex. 316, 12 S.W. 1109, and Humphreys v. Green, Tex.Civ.App., 271 S.W. 116; and statements to this effect appear. Lone Star Gas Co. v. Meyer, Tex.Civ.App., 296 S.W. 1110.

Accordingly, in action of trespass to try title wherein plaintiff only prayed for judgment for the land, and under the allegations in the petition the defendant had no title, as here, it was held that plain-

tiff's omitted tenant in common was not a necessary party, Walker v. Read, 59 Tex. 187; Bounds v. Little, 75 Tex. 316, 12 S. W. 1109; Cook v. Spivey, Tex.Civ.App., 174 S.W.2d 634; and likewise, that a plea in abatement, for lack of necessary parties, setting up the omission of plaintiff's tenant in common, should be overruled. Carley v. Parton, 75 Tex. 98, 12 S.W. 950; Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705. The interest of the omitted tenant in common was not an outstanding title. Peveto v. Richardson, Tex.Civ.App., 38 S.W.2d 133; Plowman v. Miller, Tex.Civ. App., 27 S.W.2d 612; Fowler v. Hardee, Tex.Civ.App., 16 S.W.2d 154; Hintze v. Krabbenschmidt, Tex.Civ.App., 44 S.W. 38; Brown v. Wilson, Tex.Civ.App., 29 S.W. 530; Ford v. Ballard, 1 Tex.Civ.App. 376, 21 S.W. 146. An action in trespass to try title did not abate on the death of one of plaintiffs, tenants in common, Watrous' Heirs v. McGrew, 16 Tex. 506; or where one of such plaintiffs discontinued, Biencourt v. Parker, 27 Tex. 558; Presley v. Holmes, 33 Tex. 476. The brief of the arguments reported in Pilcher v. Kirk, 55 Tex. 208, shows that the Supreme Court on at least this occasion had before it a contention that the rule authorizing a tenant in common to maintain alone an action of trespass to try title subjected the defendant to a multiplicity of suits, and the judgment rendered shows that that contention was denied.

It is apparent that this rule of decision evidenced the substantive law defining the incidents of tenancy in common. A tenant in common could maintain alone an action of trespass to try title against one without title because tenants in common are separately seized and there is no privity of estate between them. May v. Slade, 24 Tex. 205; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102. He could recover the entire tract because "each tenant in common is entitled to the enjoyment of the entire premises undisturbed by anyone except his cotenants, and therefore it is proper that he should have the right to dispossess a stranger to the title." Boon v. Knox, 80 Tex. 642, 16 S.W. 448, 26 Am.St.Rep. 767; Davidson v. Wallingford, 88 Tex. 619, 32 S.W. 1030; Cook v. Spivey, Tex.Civ.App., 174 S.W.2d 634. Or to use a different turn of phrase, "the reason for a tenant in common being so entitled is that he owns his particular interest in the whole land; and since he is entitled to the possession against everybody except his co-tenants, he is necessarily entitled to the exclusive possession against a trespasser." Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920, 924.

For this reason, if for no other, we conclude that this rule of decision has not been set aside or limited by the present Rules of Civil Procedure. It is especially provided that said Rules shall not be construed to enlarge or diminish any substantive rights of any parties to any civil action, Rule 815; and the right of a tenant in common to recover the entire tract from one without title is a substantive right. Rule 39 is not applicable.

This rule of decision is to be applied here, as it was in Carley v. Parton, 75 Tex. 98, 12 S.W. 950, and Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705, supra; and appellees' pleas in abatement were not good as to the cause of action alleged by appellants for recovery of the land. We do not think the judgment in Brown v. Meyers, Tex.Civ.App., 163 S.W.2d 886, is necessarily in conflict with this holding; but we do not agree with that decision if it is to be so construed. Whether appellees' pleas in abatement were good as to appellants' cause of action for damages depends upon the principles of law hereinafter discussed.

(B) The right of a tenant in common to recover the entire tract from one without title was no more firmly established under our former practice than was the defendant's right to require, in an action for damages for injury to property, that all tenants in common owning such property be made parties to the suit. The rule of decision declaring this right runs back at least as far as May v. Slade, 24 Tex. 205. It has apparently been treated as a necessary incident of common ownership of property, and has been applied consistently and without regard to the type of loss or injury or kind of property involved. Witness the following, most of which are concerned with injuries to or respecting real property: (1) Actions involving trespass on land, as for cutting and carrying away timber, May v. Slade, 24 Tex. 205; Arrington v. Southern Pine Lumber Co., Tex.Civ. App., 16 S.W.2d 166; Walker v. Read, 59 Tex. 187 (use and occupation as well); or injuries to real property or its value from wrongful and deliberate conduct, Bassham v. Evans, Tex.Civ.App., 216 S.W. 446; Power v. City of Breckenridge, Tex.Civ. App., 290 S.W. 872; Lee v. Turner, 71

Tex. 264, 9 S.W. 149; Dempsey Oil Co. v. Torrans, Tex.Civ.App., 244 S.W. 855. (2) Actions for injuries to land resulting from negligence, as for undermining, Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658; burning grass, Gulf, C. & S. F. Ry. Co. v. Cusenbury, 86 Tex. 525, 26 S.W. 43; Gillum v. St. Louis, A. & T. Ry. Co., 4 Tex. Civ.App. 622, 23 S.W. 716; Galveston, H. & S. A. Ry. Co. v. Stockton, 15 Tex.Civ. App. 145, 38 S.W. 647; burning an orchard, Foster v. Gulf C. & S. F. Ry. Co., 91 Tex. 631, 45 S.W. 376; Gulf, C. & S. F. R. Co. v. Foster, Tex.Civ.App., 44 S.W. 198; depredation by cattle, Texas & N. O. R. R. Co. v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247; water thrown on land, Houston & T. C. Ry. Co. v. Knapp, 51 Tex. 592; Texas & N. O. R. R. Co. v. Ochiltree, Tex.Civ. App. 127 S.W. 584; Id., 104 Tex. 265, 136 S.W. 767; Trinity & B. V. R. R. Co. v. Doke, Tex.Civ.App., 152 S.W. 1174. (3) Actions involving injury to, loss or conversion of personal property or damages for use thereof, Waggoner v. Snody, 98 Tex. 512, 85 S.W. 1134; Hill v. Neuman, 67 Tex. 265, 3 S.W. 271; Leonard v. Worsham, 18 Tex.Civ.App. 410, 45 S.W. 336.

The same rule has been stated and applied in actions by part owners of causes of action for damages for personal injuries. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Hughes-Buie Co. v. Mendoza, Tex.Civ.App., 156 S.W. 328.

Accordingly, nonjoinder of all tenants in common in such an action was matter for a plea in abatement by defendant, May v. Slade, 24 Tex. 205; Arrington v. Southern Pine Lumber Co., Tex.Civ.App., 16 S. W.2d 166; Dempsey Oil Co. v. Torrans, Tex.Civ.App., 244 S.W. 855; as has often been recognized, if not held. Houston & T. C. R. R. Co. v. Knapp, 51 Tex. 592; Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S.W. 43; Texas & N. O. Ry. Co. v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247; Power v. City of Breckenridge, Tex.Civ.App., 290 S.W. 872; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Bassham v. Evans, 216 S.W. 446; Gillum v. St. Louis, A. & T. Ry. Co., 4 Tex.Civ. App. 622, 23 S.W. 716; Weinstein v. Harrison, 66 Tex. 546, 1 S.W. 626; C. R. Cummings & Co. v. Masterson, 42 Tex.Civ.App. 549, 93 S.W. 500. If the defect was apparent from the petition it could be raised by exception. May v. Slade, 24 Tex. 205; Gulf, C. & S. F. Ry. Co. v. Foster, 91 Tex. 631, 45 S.W. 376; Texas & N. O. R. R. Co.

v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247; Weinstein v. Harrison, 66 Tex. 546, 1 S.W. 626. The action was subject to dismissal if the plea in abatement or special exception, having been sustained, was not met. Gulf, C. & S. F. Ry. Co. v. Foster, 91 Tex. 631, 45 S.W. 376. The omitted tenant in common could be compelled to become a party; Gulf, C. & S. F. Ry. Co. v. Foster, 91 Tex. 631, 45 S.W. 376; if not as plaintiff, then as defendant. Arrington v. Southern Pine Lumber Co., Tex.Civ.App., 16 S.W.2d 166.

However, it was required that nonjoinder of tenants in common be raised in limine. Otherwise, the right to require joinder of the omitted tenants in common was waived. Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S.W. 43; Dempsey Oil Co. v. Torrans, Tex.Civ.App., 244 S.W. 855; Texas & N. O. Ry. Co. v. Ochiltree, Tex. Civ.App., 127 S.W. 584; affirmed at 104 Tex. 265, 136 S.W. 767; Lee v. Turner, 71 Tex. 264, 9 S.W. 149. The waiver extended no farther. Defendants had the right to require apportionment of the damages, that is, the setting aside to the plaintiff of only the plaintiff's share of the damages. May v. Slade, 24 S.W. 205; Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658; Houston & T. C. Ry. Co. v. Knapp, 51 Tex. 592; Lee v. Turner, 71 Tex. 264, 9 S.W. 149; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Texas & N. O. R. R. Co. v. Smith, 35 Tex. Civ.App. 351, 80 S.W. 247; Dempsey Oil Co. v. Torrans, Tex.Civ.App., 244 S.W. 855; C. R. Cummings v. Masterson, 42 Tex.Civ.App. 549, 93 S.W. 500. And there are many instances in the reports, either of judgments sustained, awarding the plaintiff tenant in common his proportionate share of the damages, Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S.W. 43; Dempsey Oil Co. v. Torrans, Tex.Civ. App., 244 S.W. 855; Lone Star Gas Co. v. Meyer, Tex.Civ.App., 296 S.W. 1110; or recognizing his right to such a judgment where the defendant had waived the right to require joinder of omitted tenants in common. Galveston, H. & S. A. Ry. Co. v. Stockton, 15 Tex.Civ.App. 145, 38 S.W. 647; Texas & N. O. R. R. Co. v. Smith, 35 Tex. Civ.App. 351, 80 S.W. 247; Power v. City of Breckenridge, Tex.Civ.App., 290 S.W. 872; Bassham v. Evans, Tex.Civ.App., 216 S.W. 446; Lee v. Turner, 71 Tex. 264, 9 S.W. 149; International & G. N. R. R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515; Gillum v. St. L. A. & T. Ry. Co., 4 Tex.Civ. App. 622, 23 S.W. 716.

But to his proportionate share the plaintiff's recovery was limited. 11 Tex.Jur. 503 (§ 58); Galveston, H. & S. A. Ry. Co. v. Stockton, 15 Tex.Civ.App. 145, 38 S.W. 647; Texas & N. O. R. R. Co. v. Smith, 35 Tex.Civ.App. 351, 80 S.W. 247; Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658; Gillum v. St. L. & A. T. Ry. Co., 4 Tex. Civ.App. 622, 23 S.W. 716; Trinity & B. V. Ry. Co. v. Doke, Tex.Civ.App., 152 S. W. 1174; Waggoner v. Snody, 98 Tex. 512, 85 S.W. 1134; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102.

The controlling reason in this state for this rule of decision, authorizing the defendant, if he acts in due time, to require the joinder of all tenants in common in actions for damages, has been the desire of our courts to avoid a multiplicity of suits against the defendant. Foster v. Gulf, C. & S. F. Ry. Co., 91 Tex. 631, 45 S.W. 376; Rowland v. Murphey, 66 Tex. 534, 1 S.W. 660; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102. The common law required joinder in actions of trespass relating to the possession "because in actions of this nature, though the estates are several, yet the damages survive to all; and it is deemed that it would be unreasonable, when the damage is thus entire, to bring several actions for a single trespass." May v. Slade, 24 Tex. 205. The court then proceeded to say that "there is nothing in our practice, to require a departure from this rule of the common law; but there is great reason to adhere to it, to prevent multiplicity of suits, and the inconvenience that would arise from the bringing of several suits, and allowing several recoveries for the same trespass."

Thus from the foregoing it is apparent that the rights of the various tenants in common to recover damages for injury to the property owned in common are technically several as distinguished from joint; that each tenant in common is only entitled to the possession of his own share of the damages; that the presence of all tenants in common is not indispensable to the rendition of judgment for damages in favor of one or less than all; and that the determination of the plaintiff's proportionate share of the damages and the adjudgment thereof to him despite the absence of his tenant in common constitutes relief which can be granted, and which, in fact, seems to have been regarded by our courts as if it were as normal and customary a form of relief as the very right of a defendant to insist upon joinder.

(C) It is a question on this appeal whether the rule of parties which governs actions for damages for injuries to land applies to an action like the present one, where plaintiffs sue for the title as well as for damages. We will state our conclusions.

First: Appellants say that since they can maintain an action of trespass to try title against one having no title, without the joinder of their tenants in common, they can, apparently as an incident of the suit, recover damages resulting from the trespass alleged in their petition, or if not all of the resulting damages, then at least their proportionate share. They cite Whitaker v. Allday, 71 Tex. 623, 9 S.W. 483, and refer to Article 7389, R.S.1925 (partly carried into Rule 805) as authority, it being there provided that if one of the parties to an action of trespass to try title is in possession, the court or jury, if they find for the adverse party, shall assess the damages for use and occupation, and shall also assess damages for such special injury to the property as may be alleged and proved.

This contention is denied. In Whitaker v. Allday, supra, the court held it no error to award the plaintiff tenant in common his proportionate share of the value of the use and occupation of the land; but the particular objection overruled is not shown. The decision brings to mind authorities cited above, establishing the right of the tenant in common, in a simple action for damages, to recover his proportionate share where the defendant waives his right to require joinder of omitted tenants in common. So regarded, the decision in Whitaker v. Allday is not exceptional. There are other cases where the appellate courts have affirmed judgments for the plaintiff's proportionate share of the damages in the combined action for title and damages, usually without comment on this part of the recovery. Biencourt v. Parker, 27 Tex. 558 (rents); Moore v. Stewart, Tex.Sup., 7 S.W. 771 (rents); Telfener v. Dillard, 70 Tex. 139, 7 S.W. 847 (rents and timber cut); Rogers v. Golson, Tex.Civ.App., 31 S.W. 200 (rents); Sarro v. Bell, 59 Tex. Civ.App. 152, 126 S.W. 24 (rents). There are also cases of this sort where the recovery of the plaintiff tenant in common has been affirmatively limited to his own

share and he has been denied the right to recover the share of his tenant in common. Naugher v. Patterson, 9 Tex.Civ.App. 168, 28 S.W. 582 (rents); Logan v. Robertson, Tex.Civ.App., 83 S.W. 395, reversed on other grounds sub nomine Cobb v. Robertson, 99 Tex. 138, 86 S.W. 746, 122 Am. St.Rep. 609, but rehearing granted and final judgment rendered in accordance with this view, 99 Tex. 138, 87 S.W. 1148, 122 Am. St.Rep. 609 (rents); Lane v. Miller & Vidor Lumber Co., Tex.Civ.App., 176 S.W. 100 (timber cut); Nona Mills v. Jackson, Tex.Civ.App., 159 S.W. 932 (timber cut); C. R. Cummings & Co. v. Masterson, 42 Tex.Civ.App. 549, 93 S.W. 500 (timber cut).

In none of these cases did the courts have before them the question, whether defendant, if he acted at the proper time and in a proper way, could insist on joinder of the plaintiff's omitted tenant in common in the combined action for title and damages. It is significant, however, that in these decisions the court did not refer to the trespass to try title statutes in connection with the matter of damages. Instead, reference is made to decisions in cases where plaintiff sued only for damages, and where the courts defined his recovery in terms of his rights as a tenant in common. In Naugher v. Patterson; Logan v. Robinson; Lane v. Miller & Vidor Lumber Co.; and Nona Mills Co. v. Jackson, supra, the court recognized the plaintiff's right to recover the entire tract from one without title but denied the plaintiff the right to recover more than his own share of the damages. The rules applied were incidents of the tenancy in common, and the court in each case applied the same rules to the combined action which would have been applied to separate actions for title and for damages. If rules pertaining to tenancy in common govern to this extent, it seems logical and reasonable to apply said rules fully, and thus to make applicable to the combined action the rule of parties which would apply to the separate action for damages. This rule of parties, although not precisely an incident of the estate, is a consequence of the tenancy in common. As a matter of fact, the opinion in Lane v. Miller & Vidor Lumber Company indicates that the court thought the defendant could insist on joinder of omitted tenants in common, and some such indications also appear in C. R. Cummings & Co. v. Masterson.

■ On independent consideration of the trespass to try title statutes, and the Rules of Procedure into which some of these statutes have been carried, we conclude that these statutes and rules do not confer authority upon a tenant in common to maintain the combined action for title and for damages free of and without the joinder of his cotenant, and that said statutes and rules did not obviate the rule of parties which is applicable to a simple suit for damages. Those statutes (Articles 7366(6), 7387, 7389, 7390, 7394–7401) and rules (Nos. 783, 803, 805–807) do not specifically refer to matters of parties. According to their literal meaning, these statutes and rules seem to apply to and fit cases where the plaintiffs are otherwise fully qualified and authorized to sue, that is, cases where all of the parties are in and the question of nonjoinder does not exist. In so far as authority is thereby conferred to sue for damages as well as for title, said statutes and rules seem to provide for and govern a joinder of causes of action as distinguished from joinder of parties. These statutes and rules can, at any rate, be so construed, and we think should be, for the following reasons: (a) There is as much reason for requiring all tenants in common to join in the combined action for title and damages as in the simple suit for damages. If it is unreasonable to allow tenants in common to bring separate actions for a single trespass, as was in effect held in May v. Slade, 24 Tex. 205, it is quite as unreasonable when the plaintiff adds a claim of title to his claim for damages. The consequences to the defendant of a multiplicity of suits are as serious in one class of cases as in the other. We think these statutes and rules should be construed consistently with the general policy of avoiding a multiplicity of suits; that it is feasible to so construe them here; and that the construction which makes applicable to the combined action the rule of parties applied to the simple action for damages tends to avoid a multiplicity of suits. (b) The authority to combine the cause of action for damages with the claim for title was apparently thought to be necessary when the first trespass to try statute was enacted; and thus the statutes conferring that authority have the appearance of being originally designed to permit a joinder of causes of action. The common law was adopted by an Act approved January 20, 1840. Laws of the Republic 1840, p. 177. Un-

der the common law, the action of ejectment, though originally brought only to recover damages for trespass, become an action for recovery of the term. Spence v. McGowan, 53 Tex. 30. Thus, as the court there said, the original object of the action "was reversed, and it was changed from an action of trespass, with mesne profits as damages, into an action for the term itself, with but nominal damages, leaving the party to his separate action for mesne profits." By the first section of the Act approved February 5, 1840, Laws of the Republic 1840, p. 136, all fictitious proceedings in ejectment were abolished and it was provided that the methods of trying titles to lands or tenements should be by action of trespass wherein the jury, if they found for the plaintiff, might award damages for the mesne profits, and it was further provided that judgment should be entered on such award, as well for damages as for recovery of the land. The second section of this Act provided that plaintiff or his attorney should endorse on his petition that the action was brought as well to try title as for damages; and further provided that the action should be tried on the merits conformably to the principles of trial by ejectment. Section One of this statute obviated the necessity thought to exist at common law for a separate action to recover mesne profits and doubtless this was a reason for enacting it. The question later arose, whether a cause of action for special injury to the land could be joined with a claim for title, and the indorsement provision of the second section of the Act approved February 5, 1840, was referred to in support of the conclusion that the joinder was proper. "The exception was overruled, and we think properly, for the object of the suit is to recover damages as well as to try the title. (Hart Dig. Art. 3221.) Although the word damages used in the Statute may more particularly refer to mesne profits, there can be no inconsistency in joining in the action a claim for injuries done, such as cutting or destroying timber, tearing down fences, and destroying the growing crop. Indeed, a suit for such claim would of course involve the assertion of some title in the plaintiff." Hillman v. Baumbach, 21 Tex. 203. The foregoing is believed to be the source of the present statutory authority to combine claims for damages with a claim for title, which is thus to be at least partly accounted for on the historical basis that it was designed to permit joinder of causes of action. Joinder of parties thus becomes an extraneous matter. As a matter of fact, provision is still made for trial according to the principles of trial by ejectment, except as otherwise provided (Rule 795); and under the view of the common law taken in Spence v. McGowan, supra, there might still be some reason for specifically authorizing the joinder of causes of action for title and possession, and for damages.

■■ Second: Appellants refer to the numerous parties which would be involved in this suit under appellee's theory, and cite Rule 42 as authority for maintaining this action without the joinder of their tenants in common. Rule 42 provides for class actions, and does not apply unless the intention to sue on behalf of a class is evidenced by appropriate pleading. Such pleading is not before us. Appellants have alleged fee title in themselves and thus have the appearance of denying title to their tenants in common. Neither does the Rule apply unless the members of the class actually before the court adequately represent the class; this is as much a requirement of due process as it is a provision of the Rule, Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; and adequate representation must be proved as a fact. Such proof is not before us. However, appellants have claimed the right in this court to recover all of the land and all of the damages, although acknowledging the tenancy in common; and they evidently regard their pleadings as being appropriate to their theory of action and the tenancy in common as justifying their coming forward as representatives or trustees of their cotenants who are not parties to this suit. If appellants were entitled to recover all of the damages and all of the land, this might have some logical force; for the allegations of fee title in appellants would constitute no bar to proof of the true ownership of the title. It has often been held, as well after the adoption of the Revised Statutes of 1879, Murrell v. Wright, 78 Tex. 519, 15 S.W. 156; Taylor v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288, as it was held concerning litigation governed by the law existing before, Hutchins v. Bacon, 46 Tex. 408; Pilcher v. Kirk, 55 Tex. 208, that proof of title to an undivided interest was not a material variance from an allegation of full title in plaintiff. In view of these matters, and of further proceedings in the trial court, we will

dispose of appellants' contention respecting Rule 42 on the merits.

We are of the opinion that Rule 42 has no application to the case alleged by the appellants, even had appellants made proper class suit allegations. Rule 42 must be applied with due regard for the substantive rights of the parties, since under Rule 815 such rights were not affected by Rule 42. As regards appellants' claim of title, Rule 42 has no room for operation if appellees have no title; as tenants in common, and under substantive right, appellants can recover the entire tract from one without title. Further, the necessity of applying Rule 42 consistently with the substantive rights of the parties requires that this Rule be applied with due regard for the principles of Res Judicata. If the proof should show that appellees as well as appellants own undivided interests in the land but that appellants and appellees do not own the entire title, the court could not adjudicate the title of the omitted tenants in common and could not award such interests to appellants or to the omitted tenants in common. It is held, in trespass to try title suits between parties owning undivided interests in land, that plaintiff could not recover from the defendant the interests of omitted tenants in common, although defendant claimed adversely to all. Boon v. Knox, 80 Tex. 642, 16 S.W. 448, 26 Am.St.Rep. 767; Murrell v. Wright, 78 Tex. 519, 15 S.W. 156; Hess v. Webb, Tex. Civ.App., 113 S.W. 618; affirmed, 103 Tex. 46, 123 S.W. 111; Duncanson v. Howell, Tex.Com.App., 222 S.W. 232; Bennett v. Virginia Ranch Land & Cattle Co., 1 Tex. Civ.App. 321, 21 S.W. 126; Zarate v. Villareal, Tex.Civ.App., 155 S.W. 328. It has also been held in such a suit that the interest of the omitted tenant in common could not be set aside and adjudged to said tenant. Keith v. Keith, 39 Tex.Civ. App. 363, 87 S.W. 384. As said in Duncanson v. Howell, supra [222 S.W. 235]: "One without title cannot maintain an action of this character for the use or benefit of another having title. * * * The court recognized and established defendant's interest in the land. He had the same rights of possession and enjoyment of the land as plaintiffs. As to his interest and that of the other shareholders, plaintiffs showed no title, legal or equitable. It follows that the full extent of plaintiffs' right was to have their interests adjudicated, and be admitted into joint possession of the land

with defendant." If none of these cases involved typical class suit allegations, the pleading of the plaintiffs in Duncanson v. Howell approximates such allegations; there plaintiffs sued "for themselves and as trustees for, and as tenants in common with, the shareholders in what is known as 'Bermuda Colony' and 'Brundage Townsite,' in Dimmit county, Texas" and alleged that the shareholders numbered probably 600, and that it was practically impossible to give all their names and residences. On trial they claimed express authority broad enough to authorize their maintaining the suit. In connection with the quoted language from Duncanson v. Howell, we note that it was held in Baldwin v. Johnson, 95 Tex. 85, 65 S.W. 171, 172, which was an action in trespass to try title, that plaintiffs could not maintain the suit in their capacity of commissioners appointed to wind up the affairs of a dissolved Louisiana corporation, but could maintain it as tenants in common with their coshareholders. The reason is expressed as follows: "Although the appointment of the commissioners was the voluntary act of the stockholders, it was not evidenced by such instrument as is required by our statute in the conveyance of lands, and passed to the commissioners no title to lands in this state." These authorities illustrate two principles. The first is, that against a tenant in common the plaintiff is entitled only to his own part. It is held that he must prove the extent of his interest before being let into possession with his tenant in common. Cartmell v. Gammage, Tex.Civ.App., 64 S.W. 315; Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064. Against one without title, the plaintiff has the right to the possession of all, and can thus recover all of the land; but against a cotenant his rights and thus his recovery are limited to his own part. Rule 42 makes no change in these rights nor in this recovery, for the recovery is measured by the right, and the right is a matter of substantive law. The second principle referred to is that the statutory action of trespass to try title requires title of some sort to maintain it; this action exists for the purpose of trying title (Art. 7364, R.S.1925), and the recovery of the plaintiff is limited to the title he exhibits. Such being the character of the recovery and the limit of the recovery as measured by the appellants' substantive rights and the form of action in which they assert those rights, we hold that the omitted tenants in common, whose title is not owned by

appellants and for whom they do not stand as trustees, would not be bound by the judgment, whether appellants do or do not insert proper class suit allegations in their petition. It seems reasonable to say that in the situation where appellants cannot recover title for their omitted tenants in common, they cannot litigate the title vested in said tenants; what appellants do not have the right to recover as representatives, they ought not to have the power to lose in that capacity. Turning to the appellants' cause of action for damages, we find the same state of authority and substantially the same basis therefor. Reference is made above to numerous decisions holding that the tenant in common is entitled to recover only his proportionate share of the damages, whether for use and occupation or for special injury to the land or the property. Of those decisions, the following hold expressly that a recovery by the plaintiff of the full damages, in an action to which his tenants in common are not parties, being his share and that of his tenants in common, is res judicata only as to his own share: Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658, 660; Gillum v. St. L. A. & T. Ry. Co., 4 Tex.Civ.App. 622, 23 S.W. 716; Galveston, H. & C. A. Ry. Co. v. Stockton, 15 Tex.Civ.App. 145, 38 S.W. 647. As said in Rowland v. Murphey [66 Tex. 534, 1 S.W. 660], "one co-tenant in such case is not the representative of another." If he is not the representative of his tenant in common in that character of action, he does not become his cotenant's representative by amending his petition and alleging that he sues in behalf of his cotenant. It is said at 11 Texas Jur., 504, in discussing the right to recover damages: "Here each cotenant has an interest in the damages in proportion to his share of the common property; but the damages are an incident; they do not constitute the common estate. The cotenants are not severally entitled to the possession of the whole sum. It is not essential to their enjoyment of their respective shares therein." The word "representative" is misleading in a case where one tenant in common asserts the right to recover the share of the damages accruing to another tenant in common; the term properly to be applied is the term "trustee," which, of course, implies a title voluntarily conferred on the plaintiff by his omitted tenant in common. We believe that the court can only award damages to those tenants in common who show title thereto, and only to the extent

of said title, and that the tenants in common who are not parties to the suit in the ordinary and usual sense (as distinguished from the members of a class) will not be bound by the judgment. As stated above in another connection, if the plaintiffs cannot recover the shares of their tenants in common, they cannot litigate the rights of their tenants in common to those shares; what the plaintiffs do not have the right to recover they ought not to have the power to lose.

■ These matters preclude an application of Rule 42, to the issues made by appellants' petition; for if the judgment will not be res judicata as to the omitted tenants in common it will not, as regards the shares or interests of said omitted tenants, bind the appellees. The estoppel of the judgment must be mutual, Davis v. First National Bank, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; 26 Tex.Jur. 211, Par. No. 452; and there is no privity between the omitted tenants in common and the appellants.

Our ruling, of course, is limited to the precise fact before us, namely, a tenancy in common in the fee title to the land and the damages incidental thereto, rights whereto the parties seek to establish in trespass to try title.

Third: Appellees say that Section (a) of Rule 39 applies to this case and that it requires the joinder of appellants' omitted tenants in common. For this they cite Brown v. Meyers, Tex.Civ.App., 163 S.W. 2d 886. We have denied this contention as to appellants' claim for title. We also hold that under the peculiar facts of this case, by reason of certain equitable exceptions to the general rule of parties, Rule 39 does not control here; but to apply those exceptions requires construction of Rule 39 and we will therefore set out our construction of that Rule in so far as the record before us requires.

■ We hold that the rule of parties invoked by appellees has been carried into Section (a) of Rule 39 and that said Rule applies to the combined action for title and damages by virtue of Rule 795, as did, we believe, the former rule of decision by virtue of Article 7365, R.S.1925. Rule 39 should be construed as follows: First: Sections (a) and (b) of Rule 39 provide for different matters, and Section (b) is not merely a reiteration of a requirement also made in Section (a). Second: As stated, Section (a) embodies the

rule of parties invoked by appellees. The controlling element of Section (a) is the term "joint interest." This term can be given a technical construction and thus be limited to truly indispensable parties. Appellants say we should so construe it; and there is Federal authority which apparently supports such a construction of the term "joint interest" appearing in Federal Rule 19, 28 U.S.C.A. following section 723c, the source of Texas Rule 39. Samuel Goldwyn, Inc., v. United Artists, 3 Cir., 113 F.2d 703; United States v. Washington Institution of Technology, 3 Cir., 138 F.2d 25; Spanner v. Brandt, D.C., 1 F.R.D. 555; Currier v. Currier, D.C., 1 F.R.D. 683. On the other hand, the term "joint interest" need not be given a technical construction. Without distortion, it can be construed in a nontechnical way, as including indispensable parties and also those who are not truly indispensable but are such as one already a party to the suit can require to be joined. If it is not so construed, there seems to be no provision in the present Rules of Civil Procedure requiring joinder of "necessary" as distinguished from truly indispensable parties unless that requirement is made in Section (b) of Rule 39; and Section (b) cannot be given that effect without carrying it beyond its obvious meaning. Too, there is a provision in Section (a) which is not in Section (b) and which seems as applicable to merely "necessary parties" as to those truly indispensable, namely, the provision that one who should sue as plaintiff, on refusal to join can be made a defendant, or perhaps an involuntary plaintiff. Why should this be provided respecting indispensable parties but not respecting merely necessary parties? No reason is apparent. We infer that this part of Section (a), and thus all of Section (a), is to be construed as applying to parties merely "necessary" as distinguished from indispensable. We believe that Section (a) should be construed broadly, as laying down a general rule, and that Section (b) should be construed literally. The term "joint interest" will then probably refer to those who have such an interest in the object of the suit, or such a connection with the cause of action pleaded, that they would have been necessary parties under our former practice, either because indispensable or because their joinder could be required. Be that as it may, we think the common relation of appellants and of their omitted tenants in common to the cause of action for damages alleged in appellants' petition is of such a character as makes appellants and said tenants in common jointly interested within the meaning of Section (a) of Rule 39. Third: Section (b) of Rule 39 does not apply here. It is to be construed literally and therefore does not require joinder where complete relief can be given between those already parties on the issues made by the pleadings. There is Federal authority for such a construction of Section (b) of Federal Rule 19. Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889; Sauer v. Newhouse, D.C., 24 F.Supp. 911; Galm v. Brighton Fire Proof Storage Co., D.C., 1 F.R.D. 507; Wyoga Gas & Oil Corporation v. Schrack, D.C., 27 F.Supp. 35. It is apparent that in no sense are appellants' omitted tenants in common necessary to the adjudication of any issue raised by the pleadings before us. The interest of each appellant is entirely separate and distinct from that of each other appellant. Judgment can be rendered on the pleadings for all of the relief to which appellants are entitled. Avoiding a multiplicity of suits involves litigation of issues between the appellees and persons who are not parties to this suit and the granting of relief thereon in which the present appellants will not participate, and therefore is not comprehended within the construction we give Section (b).

We have little inclination to apply Federal decisions to Texas Rule 39. The differences in language between Federal Rule 19 and Texas Rule 39 are significant. From them we infer that Texas Rule 39 constitutes an independent statement which is to be given an independent construction.

(D) Under the foregoing discussion, the appellees' pleas in abatement were not good as to the appellants' cause of action for title but were good as to appellants' cause of action for damages. However, it is believed that another principle is applicable to the peculiar facts of this case which requires that the pleas be overruled in toto. It is said in Bailey v. Morgan, 13 Tex. 342, that: "As a general rule all persons materially interested in the subject matter, or, as it is expressed by Mr. Calvert, all persons having an interest in the object of the suit, ought to be made parties. (Calvert on Parties, Ch. 1, Sec. 1, p. 11; Story's Eq., Pl. Sec. 76, a.) But to this rule there are many exceptions. 'All these exceptions (says Story) will be found to be governed by one and the same principle, which is, that, as the object of the general rule is

to accomplish the purposes of justice between all the parties in interest, and it is a rule founded, in some sort, upon public convenience and policy, rather than upon positive principles of municipal or general jurisprudence, Courts of equity will not suffer it to be so applied as to defeat the very purposes of justice, if they can dispose of the merits of the case before them, without prejudice to the rights or interests of other persons, who are not parties, or if the circumstances of the case render the application of the rule wholly impracticable.' (Story Eq. Pl. Sec. 77.) " One of the exceptions referred to is that existing where the parties "are so exceedingly numerous that it would be impracticable to join them without great delay and inconvenience"; and it is further said that "in these and other excepted cases, the objection of want of parties will not, in general, be allowed to prevail; for, to require such persons to be made parties, would be equivalent to a dismissal of the suit; and would amount to a denial of justice." Having first determined that a decree could be rendered without injury to the interests of omitted parties, the court in Bailey v. Morgan recognized and applied as an exception in that case the rule authorizing the court to dispense with parties "where the proper parties are unknown to the plaintiff."

The rule of decision authorizing the court to dispense with omitted parties where such persons are exceedingly numerous was also recognized in Smith v. Peeler, Tex.Com.App., 29 S.W.2d 975. Statements of this rule of decision are commonly made in connection with class suits, and as a basis for such suits; but we believe the rule can be applied, and ought to be applied, as an independent exception where no effective relief can be granted in a class suit to persons who are not before the court in the ordinary and usual sense as named parties. Such is the case before us. The statements of the rule in Bailey v. Morgan and in Smith v. Peeler were not made as being limited to class suits; and in Hess v. Webb, 103 Tex. 46, 123 S.W. 111, 112, the rule was directly applied as an independent exception. That was an action between tenants in common, in trespass to try title, and for partition. After acknowledging that joinder of omitted tenants in common would ordinarily be required, the court said: "But where the claimants in an action of trespass to try title against an acknowledged co-tenant are numerous, and it appears that possibly some of these who, under the plaintiff's theory of the case, are entitled to recover, reside in another state, a different rule should prevail"; and directed further proceedings in the trial court to the extent that relief could be granted between the parties, namely, the determination and adjudgment to the plaintiffs of their own interests.

It was also an exception noted in Bailey v. Morgan, supra, where omitted parties "are without the jurisdiction of the Court"; and this exception was applied in Myers v. Shapiro Bros. Factors Corporation, Tex.Civ.App., 154 S.W.2d 875, to a claim by one stockholder of a dissolved corporation for his proportion of corporation assets, the other stockholders being nonresidents of Texas. The last two of these exceptions, and possibly the first, seem applicable to this appeal; but under the facts before us the most impelling is the exception existing where the parties are exceedingly numerous. We hold as a matter of law that the tenants in common here are exceedingly numerous within the true intent and meaning of this exception, and further hold that it would be impractical within the meaning of said exception for appellants to make them all parties to this suit. The petition names 104 plaintiffs, of whom perhaps 17 are formal parties. Plaintiffs include residents of fifteen counties in Texas and two parishes in Louisiana; two come from Michigan, and one from Puerto Rico. The pleas in abatement now list 574 additional heirs of Tom Collier and tenants in common of appellants who are described as necessary parties to this suit. It is with more than casual interest that we have searched for some evidence or some statement to the effect that these were all of such heirs, but we have not found such evidence or such a statement in the record. It seems of direct significance to the application of the exceptions noted that appellees amended their pleas in abatement twice; that their first amended pleas in abatement listed 512 such heirs and that 63 additional heirs were named in the second amended pleas, on which the trial court acted. It now appears that five persons who were named in said first amended pleas are dead; that three persons named in said pleas are now described as married women, and that mistakes in the names of several individuals have been discovered and corrected. The first amended pleas are not in the transcript; they have been adopted and described generally in de-

fendants' second amended pleas, but we have observed that among the 63 additional heirs are residents of four additional states, namely, of two counties in New Mexico, one county in Arizona, two counties in Georgia, and one county in Florida. These 63 persons also include residents of three additional parishes in Louisiana and nine additional counties in Texas. Among these 63, one unknown person, a formal party, is referred to; no addresses are given for two persons; and eight minors are listed, without reference to guardianship. Although we have no information respecting the status and residence of the 512 heirs listed in the first amended plea, we feel safe in assuming that they are as diversely scattered about the United States and are of as varied a status as are the 63 additional persons named in the second amended pleas. The quotation from Hess v. Webb is sufficiently analogous. While this appeal involves heavy claims for damages which were not before the court in that case, the application of these equitable exceptions to claims for damages involves no real extension of the rule. As we have pointed out in some detail above every issue raised by the pleadings can be determined between the parties without the presence of the omitted tenants in common and without injury to their interests. The injury which may result to appellees from a multiplicity of suits on the causes of action before us is more than counterbalanced by the injury which might result to appellants if the exception noted was not applied, for otherwise appellants, if they comply with the provisions of Section (a) of Rule 39, might be denied the right to maintain their action.

■ Section (a) of Rule 39 requires additional notice in this connection. It sets out no exceptions, and there is a question, whether, under the construction we give it, Section (a) admits of any exceptions. We think it does, on these reasons: First: it is obvious that Section (a) does not provide for this case and therefore does not repeal the exception which governs this case. It provides that "when a person who should join as a plaintiff refuses to do so, he may be made a defendant, or, in proper cases, an involuntary plaintiff." Appellants' tenants in common ought to be joined as plaintiffs. They could not refuse to join as plaintiffs unless informed of the suit and given an opportunity to determine their course of conduct. Only after their refusal are they to be made defendants or involun-

tary plaintiffs. It is unnecessary to determine whether the words "refuses to do so" imply anything mandatory; this language indicates what the Rule was intended to control, and the great number of omitted tenants in common and their diverse residences, both within and beyond the borders of this state, exhibit a fact situation here completely outside of the kind of situation which Rule 39 fits. Accordingly there is substantial reason for believing that Rule 39 was not intended to destroy the equitable exceptions referred to, and that the exceptions exist and can be applied except to the extent that adequate provision has been made for them elsewhere in the Rules. The only provision made for cases involving numerous parties is Rule 42; and we have held that Rule 42 can not be applied to the issues made up in this case so as to run the judgment beyond the titles exhibited by the appellants. In effect, there seems to be no adequate provision made in the Rules for the precise case before us, and under these circumstances, the equitable exceptions referred to are believed to be available. Second: Rule 39 must be construed so as to preserve and so as to be consistent with the substantive rights of the parties. See Rule 815. As noted in Bailey v. Morgan, 13 Tex. 342, the exceptions to which we have referred are equitable. They represent appeals to and applications of the equity powers of the court. They were made because otherwise a plaintiff might be deprived of his action. A right of this character, on which the plaintiffs' action hangs, is so intimately related to the substance of the cause of action dependent thereon that it is itself to be regarded as a substantive right. We deem it of no significance in this jurisdiction that the necessity of joinder was also recognized at common law.

(E) The trial court having erred in sustaining the pleas in abatement, it remains to be considered whether appellees' special exception No. 1 has any significance here. This exception raises the question whether the petition should have alleged the particular interest claimed by each appellant. We hold that disposition of this appeal is not affected by this exception. The pleas in abatement were sustained to the entire suit; and with the entire action subject to dismissal, nothing final could be accomplished by amending the petition to meet the exception. The situation is analogous to that existing where both a general demurrer and a special exception have been sus-

tained to a pleading. There it is held that error in sustaining a general demurrer is not obviated by the fact that the special exception is good. This situation was before the court in De Everette v. Henry, 67 Tex. 402, 3 S.W. 566, 568, and the court held as stated, saying with regard to special exceptions that: "If they were well taken, it would not have served any good purpose to amend the petition to meet the objections raised; for the court, having held the petition bad on general demurrer, would necessarily have dismissed it, though every special demurrer had been met, and its force dischargd, by a proper amendment." This reasoning applies directly to this case, where the trial court's order sustaining the pleas in abatement made the entire action subject to dismissal for lack of parties. True, since appellees' pleas in abatement have been held bad on appeal, a compliance with the special exception in the trial court would now have some practical result; but so would compliance with the special exception in the case where the general demurrer has been sustained. The special exception before us was not acted upon in due order; its effect was contingent on the invalidity of the trial court's orders sustaining the pleas in abatement, and validity of the special exception will not support the judgment appealed from.

However, appellants have assigned error to the order sustaining this exception and in view of further proceedings in the trial court, we will indicate our views. We think the Special Exception was bad. It is Rule 783(c), formerly Article 7366(3), which is to be construed. Thereby the plaintiff in an action of trespass to try title is required to allege in his petition: "(c) The interest which the plaintiff claims in the premises, whether it be a fee simple or other estate; and, if he claims an undivided interest, the petition shall state the same and the amount thereof." Appellees say the petition here shows that appellants are claiming undivided interests, and say that the quoted provision is to be applied directly to each appellant. They cite Donaldson v. Cleveland, Tex.Civ.App., 157 S. W.2d 689. Appellants say, on the other hand, that all they need do under the quoted provision is allege the total interest claimed by them. We sustain appellants' contention. The purpose of Rule 783(c) was to put the defendant on notice of how much of the land, or of the title thereto was in issue. It is enough for appellants to allege that they own it all, in fee simple. This con-

struction finds some support in other trespass to try title Rules and Statutes. Rule 803 provides: "When there are two or more plaintiffs or defendants any one or more of the plaintiffs may recover against one or more of the defendants the premises, or any part thereof, or any interest therein, or damages, according to the rights of the parties." This was originally Article 4807, R.S.1879; and according to Anderson v. Anderson, 95 Tex. 367, 67 S.W. 404, this article was introduced into the Revised Statutes of 1879 as new matter to obviate the decision in Teal v. Terrell, 48 Tex. 491. Rule 783(c) was Article 4786 (3), R.S.1879; and that article was likewise introduced into the Revised Statutes of 1879 as new matter. Townes' Tex.Pl., p. 609. These statutes, which have been carried into the Rules referred to, dealing with the same form of action, namely, trespass to try title, and having been enacted at the same time, must be construed together. It is held that where several plaintiffs sue jointly in trespass to try title, one of them, under and by virtue of the statute carried into Rule 803 (Art. 4807, R.S.1879), can prove sole title thereto in himself and can recover the land for which all sue. Anderson v. Anderson, 95 Tex. 367, 67 S.W. 404. In enacting such a statute, and in providing for such a recovery, the Legislature must have had in mind a system of pleading in which said statute was necessary, and must have regarded such pleading as good pleading. Yet if appellees' exception is good, there is no real necessity for such a statute, and the system of pleading in which it can operate is good pleading only if the defendant in trespass to try title does not object thereto. For to meet the appellees' exception, each appellant must allege the interest he claims, and the estate he owns in said interest. He may, under one aspect of the proof, be entitled to one interest or estate, and under another aspect of the proof he may be entitled to a different interest or estate. Alternative pleadings, and even cross pleadings between plaintiffs, may be necessary under appellees' theory; but if the parties plead accurately and fully, Rule 803 is unnecessary, and if they do not so plead, it will probably not affect the case. The enactment of Article 4807, R.S.1879, which is now Rule 803, indicates that all of this detailed pleading was not intended and that instead the petition was to retain its general form, the plaintiffs only being required to advise the defendant of the total interest and the total estate therein which

they claimed together. The point made by appellees is peculiarly one which ought, at this date, to be settled by authority; yet we have found no decision which expressly rules it. Donaldson v. Cleveland, Tex.Civ. App., 157 S.W.2d 689, cited by appellees, is not in point; it involved only one plaintiff. The same exception was before the court in Telfener v. Dillard, 70 Tex. 139, 7 S.W. 847, but had been waived through failure to present it below. The pertinent language in Stovall v. Carmichael, 52 Tex. 383, and in Uhl v. Musquez, 1 Posey Unrep. Cas. 650, at page 660, is not entirely clear, but is consistent with our holding. This absence of express authority on so obvious a point, in a field of law so highly developed, after the lapse of so many years since the adoption of the governing statute, evidences a well settled and consistent opinion among the bar that this exception is not good.

(F) It is a question, whether to remand the case to the trial court for further proceedings under the pleas in abatement. Our holding, that the pleas in abatement were not good as to appellants' cause of action for damages, by reason of certain equitable exceptions to the rule of necessary parties, does not mean that one of the appellants could maintain his action alone because it would be impracticable to bring in all of his tenants in common. Such exceptions, where they exist, must be applied with due regard for the rights of all parties; and the trial court would be authorized to require joinder of additional parties plaintiff. However, it is believed that the facts have been developed with sufficient fullness to authorize rendition of the judgment which should have been rendered below; and upon considering the great number of plaintiffs already in this suit, and the diverse status and residences of said plaintiffs, we have reached the conclusion that it would be impracticable, within the true intent and meaning of the exceptions noted above, to require the joinder of any appreciable number or percentage of the persons listed in the pleas in abatement, and that under these circumstances it is proper to render judgment authorizing appellants to proceed alone.

The judgment of the trial court is therefore reversed, and judgment is here rendered in behalf of appellants.

COE, C. J., not sitting.